UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III, A LOUISIANA PARTNERSHIP IN COMMENDAM AND GEORGE NEWTON, III<br>　　　　Plaintiffs,<br><br>versus<br><br>NORTHERN BANK LIMITED AND PRICEWATERHOUSECOOPERS LLP<br>　　　　Defendants. | CIVIL ACTION NO. 2:12-cv-1445<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Burrus Mortgage Portfolio Partnership III, A Louisiana Partnership in Commendam, and George Newton, III and Defendants Northern Bank Limited, the United States firm of PricewaterhouseCoopers LLP, PricewaterhouseCoopers International Limited and the United Kingdom firm of PricewaterhouseCoopers LLP, through their respective counsel, stipulate and agree to the entry of the following Order, to protect potentially confidential, sensitive, and proprietary information that may be produced or otherwise disclosed by them or third parties during the course of this action from disclosure to others.

TERMS:  As used herein, the following words and phrases shall have the following respective meanings unless the context clearly indicates otherwise:

a)  The term "Producing Party" means any Party to this action that produces, or is called upon to produce, information subject to protection under this Stipulated Protective Order,

and any non-Party including any third party who, incident to discovery in this action, produces such information.

b)  The term "Receiving Party" means any Party to this action to whom information subject to protection under this Stipulated Protective Order is produced.

c)  The term "this action" means the proceeding designated in the caption to this Stipulated Protective Order and all appeals, interlocutory proceedings, and collateral or ancillary proceedings, including discovery proceedings in other districts or jurisdictions which are in aid or defense of discovery in the captioned proceeding.

d)  "Document" or "documents" as used in this Stipulated Protective Order includes but is not limited all written, recorded, electronic or graphic material, including, but not limited to, interrogatory answers, requests for admissions and responses thereto, documents produced by any Party or non-Party in this action whether pursuant to Rule 34 of the Federal Rules of Civil Procedure, subpoena, or by agreement, or deposition transcripts and exhibits, and any portion of any court filing which quotes from any of the foregoing.

e)  The term "Discovery Material" means depositions and deposition exhibits, interrogatory answers, responses to requests for admissions, responses to requests for productions, documents produced, and other written, recorded, computerized, electronic or graphic matter, copies, exhibits, or summaries of documents.

f)  Where this Stipulated Protective Order permits or requires a communication to be "in writing," such writing may include a communication via electronic mail, as reasonably appropriate.

IT IS SO ORDERED THAT:

1. This Stipulated Protective Order governs the treatment of all documents and Discovery Material produced by any Producing Party to any Receiving Party in this action in accordance with the procedures set forth below or that are otherwise relevant under the terms hereof.

2. This Stipulated Protective Order shall not be construed as an agreement by any Party to produce or supply any document, or as a waiver by any Party of its right to object to the production of any document, or as a waiver of any claim or privilege with regard to the production of any document. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at any stage of the proceedings. Nothing contained in this Stipulated Protective Order shall affect the right, if any, of any Party to make any other type of objection, claim, or other response to any discovery request or deposition question.

3. For the purposes of this Stipulated Protective Order, "Confidential Information" shall mean all information or material that:

    a) is produced for or disclosed to a Receiving Party, or that has been produced for or disclosed to a Receiving Party in the course of proceedings to date in this action, that otherwise meets criteria for protection specified in this paragraph;

    b) constitutes confidential, sensitive or proprietary business information or documents, the disclosure of which would be reasonably likely to adversely affect a Producing Party's competitive position, business operations, or economic interests, and that is not generally available to individuals (other than information or material made available to officers, directors, employees, or consultants of the Producing Party with the understanding that such information is not to be disclosed without the approval of the appropriate representatives of the Producing Party); confidential or sensitive regulatory information; commercial information which, if disclosed to a competitor, would give a competitive advantage to the competitor receiving the information; and information concerning

individuals that one would reasonably expect to remain confidential, including, but not limited to personal account numbers, social security numbers, birth dates, and email addresses; and

    c) has been so designated by the Producing Party in the manner set forth hereafter. "Confidential Information" shall include all originals, abstracts, summaries, and copies thereof. Information designated as "Confidential" shall retain its character when transferred in, or copied to, derivative documents.

4. "Attorney Only Information" shall mean all information or material that:

    a) is produced for or disclosed to a Receiving Party, or that has been produced for or disclosed to a Receiving Party in the course of proceedings to date in this action, that otherwise meets the criteria for protection specified in this paragraph;

    b) constitutes trade or business secrets, the disclosure of which would be reasonably likely to adversely affect a Party's or a Producing Party's competitive position or business operations, and which is not generally available to individuals (other than information or material made available to officers, directors, employees, or consultants of the Producing Party with the understanding that such information is not to be disclosed without the approval of the appropriate representatives of the Producing Party); and

    c) has been so designated by the Producing Party in the manner set forth hereafter. "Attorney Only Information" shall include all originals, abstracts, summaries, and copies thereof that otherwise comport with this definition. Information or material designated as "Attorneys Only" shall retain its character when transferred in, or copied to, derivative documents.

5. "Confidential Material" means any information, document, or thing designated as "Confidential Information" or "Attorneys Only Information" and any information derived therefrom.

6. Confidential Material contained in documents and Discovery Materials, including transcripts, exhibits, answers to interrogatories, requests for admissions, and similar documents, as well as copies thereof, shall, whenever reasonably possible, be designated by stamping or affixing to each page thereto the legend "Confidential" or "Attorneys Only" or otherwise notifying the Receiving Party, in writing, of the confidentiality of a

document. Where such designation or stamping on each page is impossible, the Producing Party shall stamp or affix the media on which the confidential material is contained with the legend "Confidential" or "Attorneys Only." In the event such written notice is given in lieu of stamping or affixing the above legend, the Producing Party shall be responsible for the reasonable costs incurred by the Receiving Party in stamping the documents or otherwise taking steps to designate the documents as confidential. A Producing Party may designate on the record during the course of the deposition, hearing, or trial the portions of such that are confidential, or within forty-five (45) days after receipt of the transcripts, by written notice to all counsel of record.

7. In the event that a Producing Party intends to produce files or records as maintained in the regular course of business and the Receiving Party desires to inspect them before any copies are made, no "Confidential Information" or "Attorneys Only Information" designation need be made by the Parties in advance of said inspection. For purposes of the inspection, all materials provided for inspection shall be considered Confidential Material. Thereafter, on selection of specified documents by the Receiving Party for copying, the Producing Party shall mark as "Confidential Information" or "Attorneys Only Information" the specific copies it wishes to so designate.

8. All such Confidential Material served on or otherwise disclosed to the Receiving Party shall be used by the Parties and Designated Persons (defined below) solely for purposes of prosecuting this action. Violations of this limitation on use shall be subject to appropriate sanctions of the type available for any violation of an Order of this Court. Confidential Material shall remain in the custody of the litigation counsel of record,

except the Confidential Information may be entrusted to or viewed by the Receiving Party or such other Designated Persons as provided in paragraph 13 below.

9. Except as specifically provided herein, litigation counsel for the Receiving Party will hold in confidence and not disclose to anyone Attorneys Only Information, or any portions, summaries, abstracts or indices thereof, unless otherwise permitted by this Order. Attorneys Only Information may be filed with the Court under seal as provided for herein or entrusted to or reviewed by the Designated Persons described in subparagraphs (a) and (c) through (g) of paragraph 13 below. Attorneys Only Information shall not be disclosed to the Designated Persons described in paragraph 13(b) without the Producing Party's consent, which shall not be unreasonably withheld, or further order of this Court.

10. The restrictions on use contained in this Order with respect to information designated as Confidential Material shall not apply to the Producing Party.

11. If documents or information are produced that could have been, but were inadvertently not designated as Confidential Material at the time such material was initially disclosed, produced, or used, there is no waiver of the Producing Party's claim of confidentiality. The Producing Party may later designate the material to be Confidential Material by providing written notice to all Parties who have received or have access to it. On receipt of such notice, a Party shall immediately take action to maintain the Confidential Material in conformity with this Order. But disclosure of such information by any other Party before such later designation is not a violation of this Stipulated Protective Order.

12. All Confidential Material not reduced to documentary, tangible, or physical form or which cannot be conveniently designated pursuant to paragraphs 3 or 4 hereof, shall be

designated by the Producing Party by informing the Receiving Party in writing either at the time such materials are produced or within a reasonable period of time thereafter.

13. Designated Persons are:

   a) The Parties' counsel, and the employees and agents under the supervision of the Parties' counsel, including paralegals and clerical employees who are working on this action;

   b) Any Party or present or former officer, director, employee, or partner of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this matter;

   c) Experts, consultants, and other individuals retained by a Party to perform services in connection with this action, and employees working under their direct supervision on this action;

   d) Any person called as a witness at a deposition or other proceeding in this action who is believed to have knowledge of the subject matter of the Confidential Material;

   e) Any other person whom a Party in good faith determines may be a potential witness in this litigation (i) if the person (a) authored the Confidential Material, or (b) reviewed, initialed or received the Confidential Material before this action was filed; or (ii) if the person is believed to have knowledge of the subject matter of the Confidential Material;

   f) The Court and its personnel and official reporters as necessary for the performance of their duties in connection with this action as well as court reporters, other than official court reporters, in connection with their duties in providing recording and transcription services for depositions conducted in connection with this action; and

   g) Any person whom counsel for the Parties agree should have access to such materials and who agrees to be bound by the terms of this Order.

14. It is the Parties' intent to limit disclosure of Confidential Material to as small a number of persons in such group of Designated Persons as is reasonably necessary for the purposes of trial preparation, factual investigation, discovery, or settlement. Except to the extent disclosed at any stage of the action in open court or as otherwise provided in this Order, Confidential Material may only be disclosed to, or received by, Designated Persons on the terms set forth above. It is the responsibility of the Parties' counsel to ensure compliance with the requirements and limitations imposed by this Stipulated Protective

Order by any Designated Persons to whom Confidential Material of a Producing Party is disclosed. Each Designated Person other than those specified in paragraphs 13(a), (b), (f), and (g) to whom such materials are disclosed, shall execute a written agreement to be bound by the Stipulated Protective Order and to comply with its terms, in the form of a Nondisclosure Agreement as set forth in Exhibit A to this Order.

15. Counsel of record who disclose Confidential Information to Designated Persons shall keep in his or her files the originals of all signed Nondisclosure Agreements signed by such Designated Persons.

16. All documents and Discovery Materials, including but not limited to, transcripts of depositions, exhibits, produced documents, answers to interrogatories or portions thereof, and requests for admissions or portions thereof, whether originals or copies, which are filed with the Court, which have been designated by a Party as Confidential Material, shall be filed under seal.

17. (a) Any document, material or other information designated as entitled to protection under this Stipulated Protective Order that is submitted to the Court in support of a pleading, or introduced at a hearing, trial, or other proceeding in this action may continue as protected material only by Order of the Court in accordance with these procedures. If information entitled to protection under this Order is submitted to the Court in support of a pleading, such information shall maintain its privileged status for ten (10) days. During this ten-day period the Party who designated the information as protected may move the Court to continue the protected status of the information by submitting to the Court a request for continued protection. The request must be accompanied by a copy of the document, material or information for which continued protection is requested. The

{N2546982.3}                                   8                          Stipulated Protective Order
                                                                          Civil Action No. 2:12-cv-1445
                                                                          U.S. Eastern Dist. of Louisiana

opposing Party shall not be permitted to file a response to the request. The Court will review, *in camera*, the information for which continued protection is requested to determine if continued protection will be allowed.

(b) A Party who seeks to introduce protected information at a hearing, trial, or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the Party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection.

(c) No document, material or other information may be filed under seal without an Order of the Court granting continued protection for the document, material or information at issue.

18. If counsel desires to question a witness about the Confidential Material during a deposition, the Parties should attempt to reach agreement as to the proper handling of the Confidential Material before the deposition begins. The Parties agree to attempt to obtain from the witness and other attendees at any deposition a signature on a written agreement to be bound by the Stipulated Protective Order, in the form of a Nondisclosure Agreement as set forth in Exhibit A to this Order.

19. This Stipulated Protective Order shall not foreclose any Producing Party from voluntarily agreeing to remove the confidential designation from a particular document or portion thereof, or from a recipient of material designated as confidential from moving this Court for an order that materials designated as Confidential Material are, in fact, not, or do not contain, Confidential Material as defined above. On such motion, the Party asserting

confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by federal law and/or this Stipulated Protective Order.

20. This Stipulated Protective Order shall not prevent any Party from applying to the Court for a further or additional Protective Order(s), or from agreeing with all other Parties in writing to modify this Stipulated Protective Order, subject to approval of the Court. Any such modification may not permit the use of information designated as confidential except in connection with this action absent agreement of the Producing Party or specific order of the Court.

21. If the Producing Party disseminates information that the Producing Party has designated Confidential Material in a way that is inconsistent with the claim that such material is confidential, any Party may assert to the Court that such material is no longer to be treated as confidential.

22. Nothing contained in this Stipulated Protective Order shall be construed to require production of Confidential Material that is deemed by a Producing Party to be privileged or otherwise protected from discovery. It is the present intention of the parties to assert the attorney/client and work product privileges as appropriate, and no Party intends at this time to waive such privileges.

23. Neither the provisions of this Order, nor any designation, or failure to designate, any particular document or information as Confidential Material thereunder, shall at any time constitute a waiver of any Party's assertion of confidentiality.

24. If a Receiving Party in good faith disagrees with the Producing Party's designation, the Receiving Party shall inform counsel for the Producing Party in writing of its objection and the grounds after receipt of the documents containing the disputed designation. On

written notification of a disagreement with a designation, counsel for the Parties will confer in a good faith effort to resolve the dispute without Court intervention. If the dispute is not resolved within fifteen (15) days of the Producing Party's receipt of the objecting Party's written notification, the objecting Party may invoke the Court rules and procedures for raising discovery disputes with the disputed material retaining its designation until a ruling by the Court.

25. Within sixty (60) days after a judgment in or dismissal or other resolution of this action becomes final and non-appealable, the attorneys for each Party who received Confidential Material shall (a) return to the Producing Party all copies of Confidential Material produced by such person; or (b) destroy all documents containing or based upon Confidential Material (including all copies); and (c) provide a certification of compliance with this paragraph. Counsel for the parties may, however, retain court papers, deposition, hearing and trial transcripts and attorney work product (including Confidential Material that is referred to or attached to any attorney work product), but any Confidential Material contained in such materials may not be disclosed to any other person.

26. The provisions of this Order shall continue to be binding after termination of this action, except with respect to those documents and information that have become a matter of public record. The Court retains continuing jurisdiction over the Parties and Designated Persons for enforcement of the provisions of this Order.

27. If a Receiving Party is served with any subpoena or other legal process that seeks or encompasses Confidential Material of a Producing Party, the Receiving Party shall (a) immediately notify counsel for such Producing Party and provide a copy of the subpoena

or legal process, and (b) shall object in writing in the form and manner appropriate under the applicable rules of procedure.

28. Any violation or threatened violation of this Order may be submitted to the Court for appropriate injunctive relief and for such other just and equitable relief as the Court shall deem fit.

29. Confidential Material identified in accordance with this Stipulated Protective Order may be used by any Party during testimony given in this action at trial, and at any hearing on motion in this action, subject to the Federal Rules of Evidence and to any further or additional Protective Order which the Court may enter. When used in open court, such Confidential Material shall be received *in camera* or as otherwise directed by the Court.

30. By entering into this Stipulated Protective Order, it is expressly understood and agreed that the Parties reserve any and all rights, including the right to object to the jurisdiction and venue of this Court, and that no waiver of these rights shall occur by virtue of entering into this Stipulated Protective Order, or by virtue of attending any depositions in this matter.

31. This Agreement encompasses the entire agreement of the Parties, and supersedes all previous understandings and agreements between the Parties, whether oral or written concerning the scope and content of the Stipulated Protective Order.

32. Each Party warrants that it has authorized its respective undersigned counsel to enter into this Stipulated Protective Order. This Stipulated Protective Order may be executed by facsimile or through emails between counsel authorizing the electronic execution of this document and may be filed electronically through the Court's electronic filing system.

THIS AGREEMENT is hereby entered into as attested by the signature of counsel acting on behalf of the parties noted below.

SIGNED this ___15th___ day of November, 2012.

                                                                                                                                                                                   _____
                                                           UNITED STATES MAGISTRATE JUDGE

Respectfully submitted this 14th day of November 2012.

_[signature: Martha Y. Curtis]_
JAMES M. GARNER (#19589)
MARTHA Y. CURTIS (#20446) (T.A.)
MATTHEW C. CLARK (#31102)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

*Attorneys for Plaintiffs Burrus Mortgage Portfolio Partnership III and George J. Newton, III*

Respectfully submitted this 14th day of November 2012.

_____
HARRY S. HARDIN, III (#6540) (T.A.)
MICHAEL B. DEPETRILLO (#31130)
**Jones, Walker, Waechter, Poitevent,**
  **Carrère & Denègre, L. L. P.**
201 St. Charles Ave.
New Orleans, LA 70170-5100
Telephone: (504) 582-8216
Facsimile: (504) 589-8216
hhardin@joneswalker.com
mdepetrillo@joneswalker.com

*Attorneys for Defendant PricewaterhouseCoopers LLP,*
*a Delaware limited liability partnership*

Respectfully submitted this 14th day of November 2012.

_____
STEVEN W. USDIN (#12986) (T.A.)
CRAIG ISENBERG (#29603)
**BARRASSO USDIN KUPPERMAN**
  **FREEMAN & SARVER, L.L.C.**
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701
susdin@barrassousdin.com
cisenberg@barrassousdin.com

*Attorneys for PricewaterhouseCoopers LLP,*
*an English limited liability partnership,*
*appearing solely for purposes of this Stipulated*
*Protective Order and reserving all rights to*
*object to the jurisdiction, venue, and forum of*
*this proceeding.*

Respectfully submitted this 14th day of November 2012.

_____
DANE S. CIOLINO (# 19311)
**DANE S. CIOLINO, LLC**
18 Farnham Pl.Metairie, LA 70005
Telephone: (504) 834-8519
Email: dane@daneciolino.com

*Counsel for Defendant PricewaterhouseCoopers*
*International Limited, appearing solely for purposes of this*
*Stipulated Protective Order and reserving all rights to*
*object to the jurisdiction, venue, and forum of*
*this proceeding*

Respectfully submitted this 14th day of November 2012.


*Monique Lafontaine*
MONIQUE M. LAFONTAINE, T.A. (24557)
Locke Lord, LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone (504) 558-5133
Facsimile (504) 681-5223
mlafontaine@lockelord.com

*Counsel for Defendant Northern Bank Limited*

| | |
|---|---|
| BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III, A LOUISIANA PARTNERSHIP IN COMMENDAM AND GEORGE NEWTON, III<br>　　　　Plaintiffs,<br><br>versus<br><br>NORTHERN BANK LIMITED AND PRICEWATERHOUSECOOPERS LLP<br>　　　　Defendants. | CIVIL ACTION NO. 2:12-cv-1445<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

### Exhibit A
### NON-DISCLOSURE AGREEMENT

　　　　I, _____, hereby declare and acknowledge that I have been furnished a copy of and have read the Stipulated Protective Order in the above-captioned case dated _____, and counsel has further informed me of the obligations it imposes upon those who receive confidential information.  I understand that the Stipulated Protective Order, among other things, prohibits the use of any information designated as confidential for any purpose other than this proceeding, and further that I am prohibited from disclosing confidential information to any other person except as specifically provided in the Stipulated Protective Order.

　　　　I agree to comply and be bound by all terms of the Stipulated Protective Order and to treat as confidential all materials protected thereby.  I acknowledge that my failure to comply with the terms of the Stipulated Protective Order may be regarded as a contempt of Court, and I agree to submit to the jurisdiction of the Eastern District of Louisiana solely for purposes of enforcement of this Stipulated Protective Order.

Dated: _____　　　　　　_____