UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III AND GEORGE J. NEWTON, III<br>　　Plaintiffs | * * * * * | CIVIL ACTION NO. 12-CV-1445 |
| VERSUS | * * | JUDGE ENGELHARDT |
| NORTHERN BANK LIMITED AND PRICEWATERHOUSECOOPERS, LLP<br>　　Defendants. | * * * * | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN OPPOSITION TO DEFENDANT PRICEWATERHOUSECOOPERS LLP'S PARTIAL OBJECTION TO MAGISTRATE'S ORDER

**MAY IT PLEASE THE COURT:**

Plaintiffs, Burrus Mortgage Portfolio Partnership III ("BMPP3") and George J. Newton, III ("Mr. Newton") (collectively, "Plaintiffs"), submit this memorandum in opposition to Defendant PricewaterhouseCoopers, LLP ("PwC-USA")'s Partial Objection to Magistrate's Order (Rec. Doc. 65).  The jurisdictional discovery propounded by Plaintiffs upon PwC-USA is relevant to the issues that this Court must decide in ruling on Plaintiffs' Motion to Remand.  Thus, the Magistrate Judge correctly denied in part PwC-USA's Motion for Protective Order regarding Plaintiffs' jurisdictional discovery, and this Court should uphold her ruling.

## BACKGROUND

### A.　Facts and Procedural History

Plaintiffs commenced this proceeding in the Louisiana state court system.  *See* Rec. Doc. 1-2, at ¶ I.  Defendant, Northern Bank Limited ("NBL"), required that PricewaterhouseCoopers ("PwC") produce a report on Seatem Attraction, Tickets (UK) Limited ("Seatem") that explained its business operations.  *See id.* at ¶ 17.  PwC delayed in finalizing its report, which was flawed.

*See id.* at ¶¶ 19, 21-22. The inexperienced accountant who worked on the report did not talk to any of Seatem's principals. *See id* at ¶ 22. Plaintiff BMPP3, which had been lending and investing capital in Seatem, eventually had to write off $20,718,096 as of calendar year 2010, which it reported in its 2010 taxes filed in 2011. BMPP3 lost the $20+ million as a direct result of NBL's and PwC's (collectively, "Defendants") actions. *See id.* at ¶ 28. Therefore, Plaintiffs filed the instant lawsuit in the Civil District Court for the Parish of Orleans seeking the recovery of all damages they have suffered due to Defendants' wrongful acts. *Id.*, Prayer.

Defendants removed Plaintiffs' action to this Court on June 6, 2012. Rec. Doc. 1. The removal was improper because complete diversity of citizenship is lacking. Plaintiff BMPP3 is a partnership with a general partner domiciled in Louisiana, and it is undisputed that Defendant PwC-USA is a limited liability partnership with a general partner domiciled in Louisiana. Rec. Doc. 1-2, at ¶ I. Defendants' removal asserted that PwC-USA was fraudulently joined, and Defendants submitted various exhibits outside Plaintiffs' original Petition in an attempt to support its claim. *See, e.g.,* Rec. Docs. 1-8 & 1-10. Plaintiffs filed a Motion to Remand on July 6, 2012. Rec. Doc. 13. Also on that date, they filed their First Amending Petition, naming as defendants PricewaterhouseCoopers, LLP ("PwC-UK") and PricewaterhouseCoopers International Limited ("PwC-Int'l"). Rec. Doc. 12.

Plaintiffs' Motion to Remand explains that non-diverse Defendant PwC-USA is liable under Louisiana law concerning single business enterprise and/or alter ego forms of liability. Specifically, PwC-USA is a member of the PwC global network of firms controlled by PwC-Int'l, and at all times relevant to this proceeding, PwC-USA was the agent or alter ego of PwC-Int'l and PwC-UK. Additionally, the Motion to Remand explains how Plaintiffs thought that they

were dealing with PwC-USA and were unaware of any alleged distinction between PwC-USA and PwC-UK, which both have the exact same name: "PricewaterhouseCoopers, LLP."

### B.     Jurisdictional Discovery

Based upon the arguments made by PwC-USA in its opposition to Plaintiffs' Motion to Remand, it became readily apparent that jurisdictional discovery was warranted.  The Motion to Remand cited, among other publicly available documents, those pertaining to the PwC global structure, the 2011 PwC Global Annual Review, and the PwC Code of Conduct.  *See* Rec. Doc. 13.  Plaintiffs also filed a reply memorandum explaining that the determination of whether a group of entities constitutes a single business enterprise is a *question of fact* under Louisiana law.  *See* Rec. Doc. 36.  Plaintiffs described the 18-factor test used by Louisiana courts to address the single business enterprise issue.  *See id.*, p. 6.  Plaintiffs also argued that because of the question of fact with respect to the single business enterprise issue, and thus with respect to the propriety of the joinder of PwC-USA, discovery is appropriate so that Plaintiffs can obtain probative evidence beyond what is publicly available on the Internet.  *Id.*, p. 9.

Because of the need for jurisdictional discovery, Plaintiffs filed a Motion to Continue Hearing on Motion to Remand (the "Motion to Continue") (Rec. Doc. 26).  In support of their Motion to Continue, Plaintiffs argued that because PwC-USA submitted evidence in support of the removal, discovery was necessary so that Plaintiffs may obtain additional evidence concerning the propriety of the joinder of PwC-USA, which is the central issued addressed in the Motion to Remand.  Rec. Doc. 26-1, p. 1.  Plaintiffs also argued that a denial of the Motion to Continue would unfairly prejudice them in presenting their case because such a denial would prevent them from taking discovery that would enable them to demonstrate that Defendants cannot meet their burden of proving that PwC-USA was fraudulently joined.  *Id.*, p. 2.  In their

reply memorandum in support of their Motion to Continue, Plaintiffs argued that because they made an initial showing of jurisdiction, discovery is warranted. Rec. Doc. 51, p. 6 (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of [jurisdiction], the plaintiff's right to conduct jurisdictional discovery should be sustained.")).

After expressly noting its consideration of these arguments made in support of Plaintiffs' Motion to Continue, on October 3, 2012, this Court granted the motion in part, resetting the submission date on the Motion to Remand. Rec. Doc. 53. The Motion to Continue was only denied in part, to the extent that the Court ordered the parties to "confer and agree upon a proposed schedule ***for completing discovery*** related to the motions filed," including the Motion to Remand, and further ordered that "[t]hereafter, all discovery disputes shall be promptly brought to the attention of the assigned Magistrate Judge." *Id.* (emphasis added). In a subsequent order dated October 11, 2012, the Court noted that, because counsel for the parties reached an agreement on the time needed for discovery, the submission date on the Motion to Remand was reset. Rec. Doc. 56, p. 1. Thus, this Court has recognized that jurisdictional discovery will occur prior to resolution of the issues addressed in the Motion to Remand.

On September 18, 2012, Plaintiffs served upon PwC-USA Interrogatories and Requests for Production of Documents ("Requests") on subjects that are relevant to factors that are analyzed in a single business enterprise determination. Plaintiffs also served a Rule 30(b)(6) deposition notice upon PwC-USA regarding topics mirroring those in the Requests. On October 18, 2012, PwC-USA served responses to the Interrogatories and Requests. PwC-USA objected to many of the items in the Interrogatories and Requests and objected to the Rule 30(b)(6) deposition in its entirety and filed a Motion for Protective Order (Rec. Doc. 57).

**C.    Magistrate's Ruling**

In ruling on PwC-USA's Motion for Protective Order, Magistrate Chasez ordered that by November 16, 2012, the Rule 30(b)(6) deposition of PwC-USA was to go forward, subject to certain limitations on topics of inquiry imposed by Magistrate Chasez in her ruling.  Rec. Doc. 62.  Magistrate Chasez further ordered that by November 16, 2012, PwC-USA was to answer/respond to Plaintiffs' Interrogatories and Requests.  *Id.*  PwC-USA did not respond as ordered by Magistrate Chasez.  Instead, PwC-USA maintains the instant objection to one aspect of Magistrate Chasez's ruling: "the fourteen Rule 30(b)(6) topics and corresponding Discovery Requests, which PwC US was ordered to answer along with designating a corporate representative(s) on these topics."  Rec. Doc. 65-1, pp. 5-6.  This Court stayed Magistrate Chasez's ruling, pending the Court's ruling on PwC-USA's objection to the Magistrate's ruling.  Rec. Doc. 86.[1]  As this Court has recognized, the jurisdictional discovery sought by Plaintiffs is permissible, and PwC-USA's objection to the Magistrate's ruling should be overruled.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) provide that a district court is authorized to modify or set aside the ruling of a magistrate judge on a non-dispositive pretrial matter, such as the discover ruling in this case, only when that ruling is "clearly erroneous or contrary to law."  As this Court has held, "A magistrate judge is afforded ***broad discretion*** in the resolution of non-dispositive motions."  *Townson v. Crain Bros.,* No. 06-10545, 2007 WL 2402634, at *2 (E.D. La. Aug. 17, 2007) (emphasis added).  To reverse such a ruling by a magistrate judge, a district court must, "based on all of the evidence, [be] left with a ***definite and firm conviction*** that the magistrate judge made a mistake."  *Triche v. Wal-Mart*

---

[1]  The Court further ordered that the submission date for the Motion to Remand is continued to January 23, 2013.  Rec. Doc. 86.

- 5 -

*Louisiana, L.L.C.*, No. 04-2233, 2006 WL 1968920, at *2 (E.D. La. June 21, 2006) (emphasis added). Magistrate Chasez's ruling was legally correct, was well within her discretion, and should be upheld.

## LAW & ARGUMENT

**A.    The Magistrate's ruling is *not* contrary to law in permitting the jurisdictional discovery sought by Plaintiffs.**

The scope of Plaintiffs' discovery is not rendered impermissible by the lack of reference to particular "theories" of liability in Plaintiffs' initial petition filed in state court. PwC-USA incorrectly asserts that Plaintiffs have raised a new theory of liability for the first time in their Motion to Remand that prevents discovery related to Plaintiffs' single business enterprise theory. The Motion to Remand argues that PwC-USA, PwC-Int'l, and PwC-UK have operated as alter egos of each other and/or as a single business enterprise, and Plaintiffs' express designation of "single business enterprise" as a cause of action in their amending petition did not raise a new claim beyond the scope of what they pled in their initial petition filed in state court.

Plaintiffs alleged in their initial petition that Defendant "PricewaterhouseCoopers, LLP"—the name of which is shared by both Defendants PwC-USA *and* PwC-UK—committed malpractice and also breached the auditing contract at issue. Rec. Doc. 1-2, pp. 5, 14, ¶¶ III, 54. Plaintiffs alleged in detail the facts which state claims against PwC-USA for malpractice and breach of contract. *See id.*, pp. 8-10, ¶¶ 17-29. Thereafter, in removing the case to this Court, Defendants bore the burden of setting forth the basis of federal subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) (stating that a removing defendant "shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal"); *see also Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1094-95 (S.D. Ill. 2007) (rejecting fraudulent joinder argument because plaintiffs were not required to plead facts showing the basis

- 6 -

for piercing the corporate veil, and "[i]t is not the burden of [plaintiffs] to show that their case does not belong in federal court"). In attempting to meet this burden, Defendants stated in their notice of removal that Plaintiffs fraudulently joined PwC-USA, and Defendants submitted an audit engagement letter that they argue shows the existence of diversity as between Plaintiffs and NBL. Plaintiffs are permitted to respond to Defendants' jurisdictional allegations with evidence showing the unified structure of the related PwC entities. Thus, discovery calculated to obtaining such evidence is appropriate to resolve the joinder issue in the Motion to Remand.

The fraudulent joinder inquiry is a summary judgment-type proceeding. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). In a summary judgment proceeding, the movant bears the burden of establishing the absence of any genuine dispute of material fact as to the requested relief. FED. R. CIV. P. 56(a). Thus, PwC-USA, which has the burden of establishing the basis for the Court's jurisdiction, also bears the burden of producing evidence showing that Plaintiffs have "no possibility of recovery" against PwC-USA, *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004); and thereafter, Plaintiffs, as the summary judgment "nonmovants," must be given the opportunity to show a genuine factual issue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (nonmovant in summary judgment proceeding must designate specific facts showing a genuine issue for trial). Thus, PwC-USA's argument that the single business enterprise/alter ego evidence is a "new theory" is misguided. Plaintiffs are permitted to contest PwC-USA's summary judgment-type evidence with their own evidence of the *genuine factual basis* for the accounting malpractice and contractual liability that was adequately pled in Plaintiffs' initial petition. That genuine factual basis is concretized in the publicly available documents referenced in Plaintiffs' Motion to Remand and is anticipated to be further established through the ordered discovery.

Magistrate Chasez did not fail to apply Fifth Circuit precedent in issuing her ruling permitting jurisdictional discovery relevant to the single business enterprise/alter ego issues. In *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999), where the court found that an insurance agent had been fraudulently joined to a lawsuit to recover an insurance loss, only one factual allegation specifically mentioned the agent, and the remainder of the plaintiff's pleadings referred to conduct by "the defendants" that could not be attributed in any way to the agent. *Id.* at 699. Where the complaint failed to state any specific actionable conduct on the part of the non-diverse insurance agent, the court concluded that the agent was fraudulently joined. *Id.* at 699, 702. In contrast, Plaintiffs' pleadings, standing alone, state a claim against PwC-USA. The need for Plaintiffs to allude specifically to facts demonstrating a single business enterprise and/or alter ego arose from Defendants' reference to materials outside the pleadings, *e.g.,* (1) the engagement letter purportedly showing a lack of connection between PwC-USA and the contract at issue and (2) the declarations of two PwC-USA employees. Rec. Docs. 1-8 & 1-10. Unlike in *Griggs*, Plaintiffs' petition states a claim, and reference to the PwC entities' global, unitary operations became necessary only when Defendants invoked the summary judgment-type fraudulent joinder inquiry.

PwC-USA takes the the Fifth Circuit's statements concerning the post-removal raising of "new theories" out of context. The court in *Griggs* stated that post-removal filings may not be considered to the extent they "present new causes of action or theories not raised in the controlling petition filed in state court." *Id.* at 700 (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)). The court had before it a petition that alleged no specific actionable conduct of the insurance agent defendant, *id.* at 699, in contrast with the specific facts alleged concerning PwC-USA in the instant case. *See* Rec. Doc. 1-2, pp. 8-10, ¶¶ 17-29

(alleging, *inter alia*, that PwC-USA's report was severely flawed and contained false statements and omissions, and that as a result of PwC-USA's acts and omissions, Plaintiffs suffered a $20+ million loss in the form of a tax write-off).  In fact, the court in *Griggs* stated that post-removal evidence may be considered if it clarifies or amplifies the claims actually alleged in the petition. 181 F.3d at 699-700.  Here, inquiry into the PwC entities' unitary, interrelated nature merely amplifies the basis for the claims in Plaintiffs' petition.[2]

Moreover, this Court's continuances of the submission date on Plaintiffs' Motion to Remand reveals that the jurisdictional discovery is appropriate.  Subsequent to Plaintiffs' argument that the submission date should be continued to permit jurisdictional discovery, this Court, after expressly noting that it considered these arguments, granted the motion in part, resetting the submission date on the Motion to Remand. Rec. Doc. 53.  In a subsequent order dated October 11, 2012, this Court noted that because counsel for the parties reached an agreement ***on the time needed for discovery***, the submission date on the Motion to Remand was continued and reset. Rec. Doc. 56, p. 1.  Thus, this Court's orders contemplate that jurisdictional discovery will occur prior to resolution of the issues addressed in the Motion to Remand.  Plaintiffs have repeatedly shown the necessity of jurisdictional discovery, and Magistrate Chasez's ruling that the discovery proceed was not only *not* contrary to law, but also was eminently correct.

---

[2] Likewise, PwC-USA takes the court's statement in *Cavallini v. State Farm Mutual Automobile Insurance Co.*, 44 F.3d 256 (5th Cir. 1995), out of context.  PwC-USA cites the statement in *Cavallini* that the plaintiffs would not be allowed to rely on affidavits "under a legal theory not alleged in the state court complaint."  44 F.3d at 263.  In context, the court was addressing a complaint that did not contain any allegations underlying a claim of misrepresentation under a state deceptive trade practices act.  *Id.*  In other words, the "legal theory" there at issue was a claim that had not been pled in the pre-removal complaint.  In contrast, in the instant case, Plaintiffs' pre-removal petition set forth specific facts underlying the basis for the breach-of-contract and accounting-malpractice claims alleged against PwC-USA.  The "legal theory" in Plaintiffs' Motion to Remand and amending petition is an explanation concerning the evidence submitted with Defendants' notice of removal.

**B.      PwC-USA's objection to the Magistrate's ruling should be overruled as moot.**

In light of this Court's order continuing the submission date on Plaintiffs' Motion to Remand, PwC-USA's objection Magistrate Chasez's ruling is moot. This Court continued the submission date on the Motion to Remand to January 23, 2013. Rec. Doc. 86. PwC-USA's Motion for Summary Judgment (Rec. Doc. 18) is also set for submission on January 23, 2013. *See* Rec. Doc. 56. PwC-USA's Motion for Summary Judgment raises issues that overlap with those addressed in Plaintiffs' Motion to Remand. Therefore, PwC-USA's objection concerning the scope of jurisdictional discovery is moot because the discovery that Magistrate Chasez ordered is also relevant to the issues raised in PwC-USA's Motion for Summary Judgment set for the same day. Accordingly, Magistrate Chasez's ruling should be upheld.

## CONCLUSION

Plaintiffs' jurisdictional discovery is relevant, necessary, and tailored to the issues the Court must resolve in ruling on Plaintiffs' Motion to Remand. PwC-USA fails to meet its burden of showing that Magistrate Chasez's ruling that the discovery proceed is clearly erroneous or contrary to law. For all the foregoing reasons, the Court should overrule PwC-USA's Partial Objection to Magistrate's Order, thereby allowing the ordered discovery to proceed.

Respectfully submitted,

*/s/Martha Y. Curtis*
JAMES M. GARNER, #19589
MARTHA Y. CURTIS, #20446, T.A.
MATTHEW C. CLARK #31102
**SHER GARNER CAHILL RICHTER**
	**KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**ATTORNEYS FOR PLAINTIFFS**
**BURRUS MORTGAGE PORTOFOLIO**
**PARTNERSHIP III AND GEORGE J. NEWTON III**

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on all counsel of record through electronic mail this 26th day of November, 2012.

*/s/Martha Y. Curtis*
**MARTHA Y. CURTIS**