UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III, A LOUISIANA PARTNERSHIP IN COMMENDAM AND GEORGE NEWTON, III**<br>Plaintiffs, | **CIVIL ACTION NO. 2:12-cv-1445** |
| versus | **JUDGE ENGELHARDT** |
| **NORTHERN BANK LIMITED AND PRICEWATERHOUSECOOPERS LLP**<br>Defendants. | **MAGISTRATE CHASEZ** |

### PRICEWATERHOUSECOOPERS LLP'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL

Jones, Walker, Waechter, Poitevent, Carrère & Denègre, LLP ("Jones Walker"), as counsel for Defendant PricewaterhouseCoopers LLP ("PwC US"), submits this Supplemental Memorandum in Opposition to the Motion to Disqualify Counsel (R. Doc. 45) (the "Motion to Disqualify") of Burrus Mortgage Portfolio Partnership III, a Louisiana Partnership in Commendam ("Burrus"), and George Newton, III ("Newton") (collectively, "Plaintiffs"), which seeks to disqualify Jones Walker as a result of its representation of ENTA USA, LLC ("ENTA") in an unrelated intellectual property matter. A supplemental memorandum is now offered because Jones Walker has terminated its representation of ENTA. And while this development modifies the issue before the Court, it leaves unaffected the ultimate conclusion that disqualification is unwarranted.

### INTRODUCTION AND SUPPLEMENTAL BACKGROUND

At the time that ENTA approached Jones Walker to provide limited intellectual property advice in August 2012, Jones Walker had already represented PwC US in the instant lawsuit for nearly four months. Jones Walker's prior representation of ENTA had ended prior to the time

{N2550272.3}

that PwC US retained Jones Walker. As was mentioned in Jones Walker's original opposition, the firm accepted this new representation of ENTA confident in the absence of any conflict of interest. While Newton was known to be an officer of ENTA at the time, he was also known *not to be an individual client of the firm*. Additionally, Jones Walker was aware that under Louisiana Rule of Professional Conduct 1.13 Newton was not Jones Walker's client simply by virtue of being an officer of a company that the firm represented. Despite this, one month later the Plaintiffs indicated their intent to disqualify Jones Walker because of Newton's position at ENTA. And while Jones Walker was still confident in the absence of a conflict, it nonetheless sought a waiver from ENTA to stem the issue and avoid unnecessary proceedings. ENTA, after communicating with Jones Walker, expressed no concern over the firm's representation of PwC US, and orally agreed to a conflicts waiver. But after a subsequent consultation with Plaintiffs' counsel, ENTA changed course and declined to execute the waiver.

The Motion to Disqualify was then filed, and the parties briefed the issues. Since that time, however, the facts have changed and the same question is not before the Court. On November 9, 2012, Jones Walker terminated its representation of ENTA.[1] And as a result, the Court must now determine the existence of a former-client conflict of interest rather than a concurrent conflict of interest. But the change in circumstances does not change the outcome of the inquiry: the absence of an actual conflict of interest is just as stark as before. First, no attorney-client relationship ever existed between Newton and Jones Walker. Second, even if ENTA's identity were somehow fused with Newton's for the purpose of creating a vicarious representation for Newton, there is no "substantial relationship" between the limited transactional advice that Jones Walker provided to ENTA and the instant, complex commercial

---

[1] Second Decl. of Andy P. St. Romain ¶ 5, appended hereto as <u>Exhibit A</u>.

{N2550272.3}

litigation that Jones Walker is defending on behalf of PwC US. Thus, no former-client conflict of interest exists. And as before, the Motion to Disqualify is without merit.

## LAW & ARGUMENT

As mentioned in the original opposition, the Louisiana Rules of Professional Conduct and Model Rules of Professional Conduct are parallel and jointly embody the applicable standards for this inquiry.[2] But whereas Rule 1.7(a) was considered in the original opposition in the context of an alleged conflict of interest involving current clients, Rule 1.9(a) should now be considered in the modified setting of a former-client conflict of interest now that Jones Walker no longer represents ENTA.[3]

Under Rule 1.9(a), "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."[4] Construing this provision, the Fifth Circuit has developed the two-part "substantial relationship" test for determining the need for disqualification under Rule 1.9(a). This Court has summarized the test as follows: "A party seeking to disqualify opposing counsel on the ground of a former representation must establish two elements: (1) an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify and (2) a substantial relationship between the subject matter of the

---

[2] PwC US's Mem. in Opp'n to Pls.' Mot. to Disqualify Counsel p. 5 (Doc. 67).

[3] *Compare* LA. RULE OF PROF'L CONDUCT 1.7(a), *and* MODEL RULE OF PROF'L CONDUCT 1.7(a), *with* LA. RULE OF PROF'L CONDUCT 1.9(a), *and* MODEL RULE OF PROF'L CONDUCT 1.9(a).

[4] LA. RULE OF PROF'L CONDUCT 1.9(a); MODEL RULE OF PROF'L CONDUCT 1.9(a).

{N2550272.3}

former and present representations."[5] Newton and the Plaintiffs fail to satisfy this test in both regards.

Since the first element – the existence of an actual attorney-client relationship – was discussed extensively in the original opposition, Jones Walker will not reprise those arguments here. Jones Walker's conclusion, however, bears repeating: George Newton was not and has never been a client of Jones Walker. Thus, without this component, the test fails. And there is no need to continue to the second element of the conjunctive "substantial relationship" test. The Motion to Disqualify should be denied on this ground alone.

Yet, for the sake of argument, the second factor should be considered briefly. Assuming that the legal theory offered in the Motion to Disqualify is plausible (that Rule 1.13 can be ignored to allow Newton to vicariously participate in ENTA's attorney-client relationship with Jones Walker as an officer of ENTA), the question becomes whether there is "a substantial relationship between the subject matter of the former and present representations."[6] More specifically, the question becomes whether there is a substantial relationship between Jones Walker's former representation of ENTA in discrete transactional matters related to licensing and intellectual property, and the instant, complex commercial litigation between Burrus, Newton, and PwC US, among others. No substantial relationship exists here. And as a result, the test fails.

As the original opposition made clear, Jones Walker's previous representation of ENTA was for limited intellectual property advice related to ENTA, not to the personal affairs of any of

---

[5] *Zichichi v. Jefferson Ambulatory Surgery Ctr., LLC*, No. 07-2774, 2008 WL 2859232, at *3 (E.D. La. Jul. 22, 2008) (Vance, J.) (citing *In re Am. Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992)).

[6] *Id.*

its officers.[7] The instant matter, by contrast, is completely unrelated to the transactional representation provided to ENTA. This is a *litigation* matter, without connection to ENTA or the legal advice it sought from Jones Walker.[8] Here, Burrus and Newton sued multiple domestic and international parties over alleged accounting-malpractice and breach-of-contract claims.[9] There is no "substantial relationship" to be found between the representations. Thus, the second element of the test also fails. Accordingly, no conflict of interest exists, and the Motion to Disqualify is without merit.

## CONCLUSION

Jones Walker no longer represents ENTA. Thus, the issue before the Court has become determining whether a former-client conflict of interest exists. But, as before, no such conflict is present. George Newton was not and never been a client of Jones Walker. And even if Newton could plausibly claim as his own Jones Walker's attorney-client relationship with ENTA, no "substantial relationship" exists between the limited transactional advice that Jones Walker provided to ENTA and the instant, complex commercial litigation that Jones Walker is defending on behalf of PwC US. The clear absence of such a relationship precludes the finding of any conflict of interest. Accordingly, Jones Walker repeats its assertion that the Motion to Disqualify is a litigation tactic and nothing more. As such, the Motion should be denied.

---

[7] PwC US's Mem. in Opp'n to Pls.' Mot. to Disqualify Counsel p. 3 (Doc. 67).

[8] *See id.*

[9] *See* Pls.' Verified Pet. ¶¶ 17-54 (Doc. 1-2).

Respectfully submitted,

*/s/ Michael B. DePetrillo*
HARRY S. HARDIN, III (#6540) (T.A.)
MICHAEL B. DEPETRILLO (#31130)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, LLP
201 St. Charles Ave.
New Orleans, LA 70170-5100
Telephone:  (504) 582-8216
Facsimile:  (504) 589-8216
hhardin@joneswalker.com
mdepetrillo@joneswalker.com

*Attorneys for PricewaterhouseCoopers LLP*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded this day to all counsel of record, ☐ by e-mail, ☐ by facsimile, ☒ by CM/ECF, ☐ by hand, ☐ by United States mail, postage prepaid and properly addressed, this 26th day of November 2012.

*/s/ Michael B. DePetrillo*

{N2550272.3}

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III, A LOUISIANA PARTNERSHIP IN COMMENDAM AND GEORGE NEWTON, III<br>     Plaintiffs,<br><br>versus<br><br>NORTHERN BANK LIMITED AND PRICEWATERHOUSECOOPERS LLP<br>     Defendants. | CIVIL ACTION NO. 2:12-cv-1445<br><br><br>JUDGE ENGELHARDT<br><br><br><br>MAGISTRATE CHASEZ |

### DECLARATION OF ANDY P. ST. ROMAIN

Pursuant to 28 U.S.C. § 1746, I, Andy P. St. Romain, state the following:

1. My name is Andy P. St. Romain. I am over the age of 21 and am competent to make this Declaration. I am a partner and licensed attorney at Jones, Walker, Waechter, Poitevent, Carrère & Denègre L.L.P. ("Jones Walker").

2. The statements made herein are true, based upon my personal knowledge and/or my review of firm records at Jones Walker, which I have custody and control over in the course and scope of my practice, and are maintained by Jones Walker in the course of its regularly conducted legal activities.

3. This Declaration supplements my Declaration of November 6, 2012.

4. Jones Walker continues to believe that it had no conflict arising out of its representation of ENTA. However, given that George Newton, III has moved to disqualify Jones Walker based on its representation of ENTA, and given that ENTA has declined to waive any conflict that might exist, on November 9, 2012, I sent a letter and e-mail to ENTA

{N2549842.1}

1

EXHIBIT A

formally terminating Jones Walker's representation of ENTA and any of its officers, directors and affiliates.

5. I declare under penalty of perjury that the foregoing is true and correct, this 26th day of November 2012.

_____
Andy P. St. Romain