UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III, A LOUISIANA PARTNERSHIP IN COMMENDAM, and GEORGE J. NEWTON, III | § § § § | CIVIL ACTION NO. 2:12-cv-1445 |
| | § | JUDGE ENGELHARDT |
| Plaintiffs, | § § | |
| VERSUS | § § | MAGISTRATE CHASEZ |
| | § § | |
| NORTHERN BANK LIMITED and PRICEWATERHOUSECOOPERS LLP | § § § | |
| Defendants. | § § § | |

### DEFENDANT, NORTHERN BANK LIMITED'S, ANSWERS TO PLAINTIFFS' INTERROGATORIES REGARDING PERSONAL JURISDICTION

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Northern Bank Limited ("NBL"), to respond to the Interrogatories Regarding Personal Jurisdiction ("Interrogatories") propounded by Plaintiffs, Burrus Mortgage Portfolio Partnership III, A Louisiana Partnership in Commendam ("Burrus") and George J. Newton, III ("Newton") (collectively referred to herein as "Plaintiffs") as follows:

### GENERAL OBJECTIONS

NBL responds to the Interrogatories subject to the following General Objections, each of which it incorporates into each Answer as though set forth fully therein in addition to the specific objections set forth therein. Further, NBL does not waive any of the following objections by responding to the Interrogatories.

1

1. NBL objects to the Interrogatories on the grounds that it has challenged the personal jurisdiction of the Court and is not yet subject to the personal jurisdiction of the Court. Thus, NBL objects to the Interrogatories to the extent that they do not address personal jurisdiction issues.

2. NBL objects to the Interrogatories to the extent that they seek the production of documents not kept in its normal course of business and/or which are not part of its corporate business records.

3. NBL objects to the Interrogatories to the extent that they are vague, overbroad, and/or unduly burdensome.

4. NBL plc objects to the Interrogatories to the extent that they are unlimited or overbroad with respect to the period of time for which they seek documents.

5. NBL objects to the Interrogatories to the extent that they are premature.

6. NBL objects to producing any information that is already in the Plaintiffs' possession, or is equally available to the Plaintiffs, whether in the public records or otherwise.

7. NBL objects to the Interrogatories to the extent that they are duplicative.

8. NBL objects to the Interrogatories to the extent that they seek information protected by the attorney-client, work-product, consulting expert, or any other applicable privilege.

9. NBL objects to the Interrogatories to the extent that they seek information that is confidential and privileged without the benefit of a confidentiality agreement and protective order.

10. NBL objects to the Interrogatories to the extent that they seek information that is not reasonably calculated to lead to the discovery of admissible evidence, or is otherwise beyond the scope of permissible discovery.

11. NBL objects to the Interrogatories to the extent that they ask for legal conclusions.

12. NBL reserves the right to amend and supplement its Answers on the grounds that discovery is ongoing.

13. NBL responds to the Interrogatories with information known and available to it at this time. NBL will amend and supplement its Answers as additional information becomes known and available through the course of written and oral fact and expert discovery.

14. NBL responds to the Interrogatories without conceding the relevancy or admissibility of any information or documents, and specifically reserving its rights to object to admissibility at trial.

Subject to these General Objections, NBL responds to the Interrogatories as follows:

## INTERROGATORIES

### INTERROGATORY NO. 1

Please identify and describe the nature of Northern Bank Limited's corporate structure, including without limitation all subsidiary entities in which Northern Bank Limited has any ownership or other interest, or any parent entities which have any ownership or other interest in Northern Bank Limited; as well as the applicable percentage of ownership or other interest, as between Northern Bank Limited and the particular related entity. Please also include in your response the departments or sections of Northern Bank Limited, including, but not limited to, international departments. For each entity identified, please state, as applicable, the place of incorporation, principal place of business, headquarters, registered office, and billing address.

### ANSWER TO INTERROGATORY NO. 1

NBL objects to Interrogatory No. 1 on the grounds that it is vague, overbroad, and unduly burdensome. NBL further objects to Interrogatory No. 1 on the grounds that it seeks information

not reasonably calculated to lead to the discovery of admissible evidence regarding the issue of personal jurisdiction, or on the merits.

Notwithstanding these objections, and without waiving the same, NBL responds by reference to the "Northern Bank Limited Structure Chart" and "Northern Bank Limited – Structure Chart" being produced as documents Bates No. NBL000001 through NBL000002. Additional information regarding NBL can be obtained from its website and annual reports, which are public records available to the Plaintiffs at the Companies House and/or danskebank.co.uk.

**INTERROGATORY NO. 2**

Please identify the total annual gross revenues and net revenues of Northern Bank Limited for the period from January 1, 2002 to the present.

**ANSWER TO INTERROGATORY NO. 2**

NBL objects to Interrogatory No. 2 on the grounds that it is vague, overbroad, and unduly burdensome with respect to the intended meaning of "gross revenues" and "net revenues," and with respect to its requested time period. NBL further objects to Interrogatory No. 2 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence regarding the issue of personal jurisdiction, or on the merits.

Notwithstanding these objections, and without waiving the same, NBL responds that information regarding NBL's revenues can be obtained from its website and annual reports, which are public records available to the Plaintiffs at the Companies House and/or danskebank.co.uk.

**INTERROGATORY NO. 3**

For each total annual revenue figure identified in response to the previous Interrogatory, please identify the amount of such revenues derived from transactions dealing with persons or entities in Louisiana, for the period from January 1, 2002 to the present. (For purposes of this Interrogatory, a transaction dealing with a person or entity "in Louisiana" includes a transaction affecting movable (personal) or immovable (real) property in Louisiana; and/or when the customer resides or is domiciled in Louisiana, or when the customer's place of incorporation, principal place of business, headquarters, registered office, or billing address is located in Louisiana, even if the underlying property affected by the transaction is outside Louisiana.)

**ANSWER TO INTERROGATORY NO. 3**

NBL objects to Interrogatory No. 3 on the grounds that it is vague, overbroad, and unduly burdensome. NBL further objects to Interrogatory No. 3 on the grounds that it is vague with respect to the intended meaning of "revenues derived from transactions dealing with persons or entities in Louisiana." NBL herein identifies its only accountholders with addresses in Louisiana. Finally, NBL objects to Interrogatory No. 3 to the extent that it seeks information regarding the identity of the five (5) accountholders other than as set forth in this Answer. NBL cannot, and will not, produce information identifying the names and addresses of the accountholders. Information more specific than that provided in this Answer would not be reasonably calculated to lead to the discovery of admissible evidence. The information provided is sufficient for the purposes of determining whether this Court has personal jurisdiction over NBL. That said, Plaintiffs will have the opportunity to question the person(s) designated by NBL to testify on its behalf regarding this subject at its corporate deposition.

Notwithstanding these objections, and without waiving the same, NBL responds that, of its approximately four hundred forty thousand (440,000) accountholders, only five (5) have addresses in the State of Louisiana. These five (5) Accountholders comprise only 0.001% of the

total number of accountholders of NBL. After emigrating to the United States, one (1) of the five (5) accountholders subsequently opened a second account.

All five (5) accountholders originated/opened in Northern Ireland, not in the United States or the State of Louisiana. After originating/opening their accounts, these five (5) accountholders emigrated to the United States under circumstances not known to NBL.

The deposits of the five (4) accountholders total approximately forty two thousand three hundred eighty seven and 96/100 Euros (€ 42,387.96), which equates to approximately 0.0008% of the total deposits of approximately five (5) billion Euros (€ 5,000,000,000) at NBL.

Three (3) of the five (5) accountholders have savings accounts only. One (1) of the five (5) accountholders has a savings and a money transmission account. One (1) of the five (5) accountholders has a money transmission account only.

Otherwise, NBL has not "derived [revenues] from transactions dealing with persons or entities in Louisiana, for the period from January 1, 2002 to the present" or entered into "any transaction dealing with a person or entity 'in Louisiana'...affecting movable (personal) or immovable (real) property in Louisiana."

## INTERROGATORY NO. 4

Please identify and describe all business activities in Louisiana in which Northern Bank Limited has engaged for the period from January 1, 2002 to the present, including without limitation:

- maintaining any office, address, or telephone number in Louisiana;
- maintaining any corporate or business records in Louisiana;
- making any business decisions in Louisiana; doing or soliciting any business in Louisiana;
- maintaining or using any place of business in Louisiana;
- possessing any license to do business in Louisiana;
- having a registered agent for service of process in Louisiana;
- having any agency or mandatary agreement that would include all or part of Louisiana;
- having any personnel in Louisiana, including, but not limited to, directors or managers;

- paying any taxes in Louisiana;
- selling or providing Northern Bank Limited customer information of any kind to other entities or governmental agencies in Louisiana;
- maintaining any accounts or customer relations in Louisiana;
- supplying any currency exchange company in Louisiana with currency or purchasing currency from such companies;
- having any contacts with persons or entities in Louisiana; or
- doing any work in any way related to or connected with Louisiana.

(For purposes of this Interrogatory, a contact with a person or entity "in Louisiana" includes a contact with a person residing or domiciled in Louisiana, or a contact with an entity that has its place of incorporation, principal place of business, headquarters, registered office, or billing address in Louisiana; and a connection "with Louisiana" includes a connection with a person residing or domiciled in Louisiana, a connection with an entity that has its place of incorporation, principal place of business, headquarters, registered office, or billing address in Louisiana, or a connection to a matter affecting movable (personal) or immovable (real) property in Louisiana.)

**ANSWER TO INTERROGATORY NO. 4**

NBL objects to Interrogatory No. 4 on the grounds that it is vague, overbroad, and unduly burdensome, particularly with respect to the intended and possible meanings of "maintaining any accounts or customer relations in Louisiana," "having any contacts with persons or entities in Louisiana" and "doing any work in any way related to or connected with Louisiana."

Notwithstanding these objections, and without waiving the same, NBL responds by reference to its Answer to Interrogatory No. 3, which identifies its only "contacts" with the State of Louisiana. Otherwise, NBL responds that, from 1 January 2002 to the present, it (a) has had no office, address, or telephone number in the State of Louisiana; (b) has never maintained corporate or business records in the State of Louisiana; (c) has not solicited any business in the State of Louisiana; (d) has not maintained any place of business in the State of Louisiana; (e) has not been licensed to do business in the State of Louisiana; (f) has not had a registered agent for service of process in the State of Louisiana; (g) has not had any agency agreement that "would include all or part of Louisiana;" (h) has not had any employees in the State of Louisiana; (i) has not paid any taxes in the State of Louisiana; (j) has not sold or provided any information

7

regarding its customers to other entities or government agencies in the State of Louisiana; (k) has not maintained any bank accounts in the State of Louisiana; and (l) has not supplied any currency exchange company with currency in the State of Louisiana.

## INTERROGATORY NO. 5

Please identify all Northern Bank Limited clients, customers, or account holders in Louisiana for the period from January 1, 2002 to the present. For each client, customer, and account holder identified, please state the total annual gross revenues received by Northern Bank Limited from its transaction(s) with that client, customer, or account holder. Please also include in your response the number of times Northern Bank Limited online banking services were accessed from Louisiana and the monthly ratio of such accesses to accesses from any other state in the United States. (For purposes of this Interrogatory, a client, customer, or account holder is "in Louisiana" when that person resides or is domiciled in Louisiana, or that person's place of incorporation, principal place of business, headquarters, registered office, and/or billing address is located in Louisiana.)

## ANSWER TO INTERROGATORY NO. 5

NBL objects to Interrogatory No. 5 on the grounds that it is vague, overbroad, and unduly burdensome. NBL further objects to Interrogatory No. 5 on the grounds that it is vague with respect to the intended and possible meanings of "revenues received by [NBL] from its transaction(s)." NBL herein identifies its only accountholders with addresses in Louisiana. Finally, NBL objects to Interrogatory No. 5 to the extent that it seeks information regarding the identity of the five (5) accountholders other than as set forth in this Answer. NBL cannot, and will not, produce information identifying the names and addresses of the accountholders. Information more specific than that provided in this Answer would not be reasonably calculated to lead to the discovery of admissible evidence. The information provided is sufficient for the purposes of determining whether this Court has personal jurisdiction over NBL. That said, Plaintiffs will have the opportunity to question the person(s) designated by NBL to testify on its behalf regarding this subject at its corporate deposition.

NO:0103988/00001:159528v2

Notwithstanding these objections, and without waiving the same, NBL responds by reference to its Answer to Interrogatory No. 3. These accounts have the ability to be accessed online. However, the five (5) accountholders do not appear to access their accounts online as no online registration, PIN, et cetera have been requested.

## INTERROGATORY NO. 6

Please identify any and all television stations, radio stations, newspapers, magazines, mail, telephonic, electronic, and any other media with or through which Northern Bank Limited advertises or has advertised for the period from January 1, 2002 to the present.

## ANSWER TO INTERROGATORY NO. 6

NBL objects to Interrogatory No. 6 on the grounds that it is vague, overbroad, and unduly burdensome. NBL further objects to Interrogatory No. 6 on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding advertisements other than those directed towards residents of the State of Louisiana.

Notwithstanding these objections, and without waiving the same, NBL responds that it has never advertised in any medium specifically targeted towards the United States or the State of Louisiana. In addition, notwithstanding these objections and without waiving the same, NBL responds that Plaintiffs will have the opportunity to question the person(s) designated by NBL to testify on its behalf regarding this subject at its corporate deposition.

## INTERROGATORY NO. 7

Please identify all proposals, contracts, agreements, promises, mortgages, loans, or other contractual relationships Northern Bank Limited has negotiated, made, entered into, serviced, or performed that are in any way related to or connected with Louisiana, for the period from January 1, 2002 to the present. Please also identify any financial or other contribution Northern

Bank Limited has made to persons, entities, or funds in Louisiana. (For purposes of this Interrogatory, this includes any arrangements made, entered into, and/or performed, wholly or partially, in Louisiana or with any person who has resided or has been domiciled in Louisiana, or with any entity which has had its place of incorporation, principal place of business, headquarters, registered office, and/or billing address located in Louisiana; or involving any matter affecting movable (personal) or immovable (real) property in Louisiana.)

### ANSWER TO INTERROGATORY NO. 7

NBL objects to Interrogatory No. 7 on the grounds that it is vague, overbroad, and unduly burdensome across the board. Notwithstanding these objections, and without waiving the same, NBL responds by reference to its Answer to Interrogatory No. 3, which identifies its only "contacts" with the State of Louisiana. In addition, notwithstanding these objections, and without waiving the same, the Plaintiffs will have the opportunity to question the person(s) designated by NBL to testify on its behalf regarding this subject at its corporate deposition.

### INTERROGATORY NO. 8

Please state whether Northern Bank Limited (including any person employed or associated with Northern Bank Limited) traveled to Louisiana for any negotiations, meetings, trips, sales calls, vendor or supplier visits, conventions, conferences, or other business engagements for the period from January 1, 2002 to the present. If so, please state the dates of any such travel, the names of each person who visited and was visited, and the purpose of the travel.

### ANSWER TO INTERROGATORY NO. 8

NBL objects to Interrogatory No. 8 on the grounds that it is vague, overbroad, and unduly burdensome with respect to the intended and possible meanings of "associated with." Notwithstanding these objections, and without waiving the same, NBL responds that none of its directors, officers, or employees has traveled to the State of Louisiana for "negotiations, meetings, trips, sales calls, vendor or supplier visits, conventions, conferences, or other business engagements" from 1 January 2002 to the present.

NO:0103988/00001:159528v2

**INTERROGATORY NO. 9**

For the period from January 1, 2002 to the present, please identify any assets of any kind which have been located in Louisiana and have been in the possession or subject to the control or disposition of or by Northern Bank Limited, including without limitation any financial accounts of any kind.

**ANSWER TO INTERROGATORY NO. 9**

NBL has no information responsive to this request. NBL has not owned any assets in the State of Louisiana from 1 January 2002 to the present.

**INTERROGATORY NO. 10**

Please identify each and every director, officer, employee, agent, or representative of Northern Bank Limited who has resided or has had a mailing address in Louisiana for the period from January 1, 2002 to the present.

**ANSWER TO INTERROGATORY NO. 10**

NBL has no information responsive to this request. NBL has had no director, officer, employee, agent, or "representative" who has resided or had a mailing address in the State of Louisiana from 1 January 2002 to the present.

**INTERROGATORY NO. 11**

Please identify each and every person and entity located in Louisiana from which Northern Bank Limited has received any wire transfer, or to which Northern Bank Limited has sent any wire transfer, for the period from January 1, 2002 to the present, and also identify the amount and date of each transfer.

**ANSWER TO INTERROGATORY NO. 11**

NBL objects to Interrogatory No. 11 on the grounds that it is vague with respect to the intended meaning of "wire transfer." Notwithstanding these objections, and without waiving the

same, NBL responds by reference to its Answer to Interrogatory No. 3, which identifies its only "contacts" with the State of Louisiana.

## INTERROGATORY NO. 12

Please identify each and every person and entity located in Louisiana to which Northern Bank Limited has mailed or otherwise transmitted bank statements for the period from January 1, 2002 to the present.

## ANSWER TO INTERROGATORY NO. 12

NBL objects and responds to Interrogatory No. 12 by referenced to its Answer to Interrogatory No. 3, which identifies its only "contacts" with the State of Louisiana. NBL further responds that, in the ordinary course of operations for the five (5) accountholders, it sends statements annually by mail and/or electronic means.

## INTERROGATORY NO. 13

Please identify each and every person and entity located in Louisiana to which Northern Bank Limited has mailed signature cards, whether to a customer directly or to another bank located in Louisiana, for the period from January 1, 2002 to the present.

## ANSWER TO INTERROGATORY NO. 13

NBL objects to Interrogatory No. 13 on the grounds that it is vague, overbroad, and unduly burdensome with respect to the intended and possible meanings of "signature cards." Notwithstanding these objections, and without waiving the same, NBL responds by reference to its Answer to Interrogatory No. 3. Those five (5) accountholders originated/opened their accounts in Northern Ireland, at which time the "signature cards" required to open their accounts would have been signed. For the one (1) accountholder who opened a second account after emigrating to the United States, a signature card would have been mailed to him/her/it. NBL

cannot respond further to the request as written. However, if the Plaintiffs clarify their intended meaning of "signature cards," NBL will amend and/or supplement its Answer.

**INTERROGATORY NO. 14**

Please identify any and all documents recorded in the Louisiana public records that pertain to a mortgage, lien, privilege, or other security device held by Northern Bank Limited, as well as any UCC-1 Financing Statements filed in Louisiana by or on behalf of Northern Bank Limited.

**ANSWER TO INTERROGATORY NO. 14**

NBL possesses no information responsive to this request. NBL has no "documents recorded in the Louisiana public records that pertain to a mortgage, lien, privilege or other security device held by [NBL], as well as any UCC-1 Financing Statements filed in Louisiana by or on behalf of [NBL]."

**INTERROGATORY NO. 15**

Please identify any litigation in Louisiana in which Northern Bank Limited was a party for the period from January 1, 2002 to the present, including the case name, the case number, the parties, and the court in which the matter was pending.

**ANSWER TO INTERROGATORY NO. 15**

NBL possesses no information responsive to this request. Other than the captioned matter, NBL has not been a party to any litigation in Louisiana from 1 January 2002 to the present.

**INTERROGATORY NO. 16**

Please identify all communications of any kind, whether by letter, electronic mail, or otherwise, between Northern Bank Limited and either or both of the Plaintiffs or Seatem Attraction, Tickets (UK) Limited ("Seatem") or its related entities, related to any loan, capital,

credit facility, letter of credit, or other financing made available by Northern Bank Limited to Seatem or its related entities; or related to the negotiation, creation, performance, or enforcement of any guarantee or other contractual relationship entered into between Northern Bank Limited and either or both of the Plaintiffs.

**ANSWER TO INTERROGATORY NO. 16**

NBL objects to Interrogatory No. 16 on the grounds that it is vague, overbroad, and unduly burdensome. NBL further objects to Interrogatory No. 16 on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information regarding communications with Seatem. Notwithstanding these objections, and without waiving the same, NBL responds that, to the best of its knowledge, it has had no communications with the Plaintiff, Burrus Mortgage Portfolio Partnership III, A Louisiana Partnership in Commendam. NBL further responds that any communications it has had with the Plaintiff, George J. Newton, III, would be in his possession and, therefore, equally available to the Plaintiffs.

**INTERROGATORY NO. 17**

Please identify all communications of any kind, whether by letter, electronic mail, or otherwise, for the period from January 1, 2002 to the present, related to any loan, capital, credit facility, letter of credit, or other financing made or negotiated between Northern Bank Limited and:
- theme parks or other attractions, including their related entities, in the United States, such as, but not limited to, The Walt Disney Company;
- ticketing companies, like Seatem, that are domiciled in the United States or maintain a principal place of business there; or
- airports or currency exchange companies that are domiciled in the United States or maintain a principal place of business there.

**ANSWER TO INTERROGATORY NO. 17**

NBL objects to Interrogatory No. 17 on the grounds that it is vague, overbroad, and unduly burdensome. NBL further objects to Interrogatory No. 17 on the grounds that it seeks

NO:0103988/00001:159528v2

information not reasonably calculated to the lead to the discovery of admissible evidence regarding the issue of personal jurisdiction to the extent that it requests such communications outside of the State of Louisiana. Notwithstanding these objections, and without waiving the same, NBL responds that it has had no communications with "theme parks or other attractions…ticketing companies…or…airports or currency exchange companies" in the State of Louisiana regarding any "loan, capital, credit facility, letter of credit, or other financing."

### INTERROGATORY NO. 18

Please identify any officers, directors, agents, employees, or representatives of Northern Bank Limited who have at any time communicated in any manner, whether by letter, electronic mail, telephone, in person, or otherwise, with either or both of the Plaintiffs, including without limitation David Alexander Tate, Stephen Quinn, Colin Richard Johnston Dundas, Anthony McConnell, John Clive Harper, Ciara Deery, Gerry Mallon, Kevin Kingston, Tony Wilcox, and Vicky Davies; and also describe the dates, times, places, content of, and other circumstances pertaining to such communications. For each person identified, please state the mailing address, telephone number, and email address of the person who communicated with either or both of the Plaintiffs.

### ANSWER TO INTERROGATORY NO. 18

NBL objects and responds to Interrogatory No. 18 by reference to its Answer to Interrogatory No. 16.

Respectfully Submitted,

*/s/ Monique Lafontaine*
Monique M. Lafontaine, T.A. (24557)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone (504) 558-5133
Facsimile (504) 681-5223
mlafontaine@lockelord.com

Counsel for Defendant,
Northern Bank Limited

15

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for the Plaintiffs and Defendants via email this 26th day of November 2012.

_____

NO:0103988/00001:159528v2