UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BURRUS MORTGAGE PORTFOLIO<br>PARTNERSHIP III AND<br>GEORGE J. NEWTON, III<br>    Plaintiffs | *<br>*<br>*<br>*<br>* | CIVIL ACTION NO. 12-CV-1445 |
| VERSUS | *<br>* | JUDGE ENGELHARDT |
| NORTHERN BANK LIMITED AND<br>PRICEWATERHOUSECOOPERS, LLP<br>    Defendants. | *<br>*<br>*<br>* | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Plaintiffs, Burrus Mortgage Portfolio Partnership III ("BMPP3") and George J. Newton, III ("Mr. Newton") (collectively, "Plaintiffs"), submit this reply memorandum in support of their Motion to Compel (the "Motion"). As set forth below, Plaintiffs respond to certain assertions and arguments made by Defendant, Northern Bank Limited ("NBL"), in its response to Plaintiffs' Motion.

*Interrogatory No. 17*

As explained in their memorandum in support of their Motion, Plaintiffs are entitled to information with respect to NBL's communications regarding financing between NBL and (1) ticketing companies such as Seatem Attraction, Tickets (UK) Limited ("Seatem"), and (2) theme parks and similar attractions. NBL is required to provide this information not only as to ticketing companies and theme parks in Louisiana, but also as to companies in any of the United States. NBL suggests that Plaintiffs do not need this information to respond to NBL's Motion to Dismiss (Rec. Doc. 16). This suggestion is incorrect. Plaintiffs' response, to be filed with the District Court, will explain that, even if a ***Louisiana*** federal district court lacks personal

jurisdiction over NBL, the instant action may be transferred to another federal district in which the action could have been properly brought. Thus, Plaintiffs are entitled to the discovery of information that is relevant in formulating their response to NBL's Motion to Dismiss.

*Interrogatory No. 18 & Request for Production No. 7*

NBL states in its response to the Motion that it believes it has responded to these discovery items. NBL references email correspondence between its counsel and counsel for Plaintiffs. Rec. Doc. 104-3. Although since the filing of Plaintiffs' Motion NBL has provided supplemental responses to Plaintiffs' requests for production, which include contents of communications between Mr. Newton and certain individuals at NBL, this response is not complete. As Plaintiffs explained in their initial memorandum, Interrogatory No. 18 requests that NBL *identify* the individuals at NBL who communicated with Mr. Newton. Thus, in the email correspondence that NBL references, counsel for Plaintiffs reiterated the request that NBL answer "the Interrogatory as to anyone who had communication with [Mr.] Newton which is not reflected in any documents." *Id.* To date, counsel for Plaintiffs has not received a full answer to Interrogatory No. 18, which asks for:

- *Identification of individuals* at NBL who communicated with Mr. Newton;
- *Description of the circumstances* pertaining to such communications; and
- The mailing address, telephone number, and email address of the individuals who communicated with Mr. Newton.[1]

NBL should provide Plaintiffs with a complete answer to Interrogatory No. 18.

---

[1] NBL's supplemental documents produced do include communications between Mr. Newton and certain individuals at NBL. Some of these documents contain email addresses and other contact information for these individuals. However, Plaintiffs submit that NBL should provide an answer to Interrogatory No. 18 by providing the requested information, to the extent such information is not reflected in the documents produced.

*Interrogatory No. 16 & Request for Production No. 6*

NBL states in its response that it believes it has responded to these discovery items. These discovery items pertain to:

- Communications between NBL and Mr. Newton regarding financing made available by NBL to Seatem; and
- Communications between NBL and Mr. Newton regarding any contractual relationship between NBL and Mr. Newton.

NBL's supplemental discovery responses include documents pertaining to a guarantee allegedly signed by Mr. Newton, and some of the documents refer to financing made available by NBL to Seatem. Further, NBL has produced documents showing communications between NBL and its account holders in Louisiana, as NBL agreed to produce. The documents produced appear to be responsive to Interrogatory No. 16 and Request No. 6, but out of an abundance of caution, Plaintiffs maintain that they are entitled to documents evidencing communications between NBL and Mr. Newton *regarding financing made available by NBL to Seatem*.

## CONCLUSION

For all of the foregoing reasons, this Court should grant Plaintiffs' Motion to Compel.

Respectfully submitted,

*/s/Martha Y. Curtis*
JAMES M. GARNER, #19589
MARTHA Y. CURTIS, #20446, T.A.
MATTHEW C. CLARK #31102
**SHER GARNER CAHILL RICHTER
    KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**ATTORNEYS FOR PLAINTIFFS
BURRUS MORTGAGE PORTOFOLIO
PARTNERSHIP III AND GEORGE J. NEWTON III**

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing document has been served on all counsel of record through electronic mail this 17th day of December, 2012.

            */s/Martha Y. Curtis*
            **MARTHA Y. CURTIS**