UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BURRUS MORTGAGE PORTFOLIO | * | CIVIL ACTION NO. 12-CV-1445 |
| PARTNERSHIP III AND | * | |
| GEORGE J. NEWTON, III | * | |
|     Plaintiffs | * | |
| | * | |
| VERSUS | * | JUDGE ENGELHARDT |
| | * | |
| NORTHERN BANK LIMITED AND | * | MAGISTRATE CHASEZ |
| PRICEWATERHOUSECOOPERS, LLP | * | |
|     Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * ************************

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Plaintiffs, BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III ("BMPP3") and

GEORGE J. NEWTON, III ("Mr. Newton") (collectively, "Plaintiffs"), move this Court to

compel sufficient discovery responses from Defendant, PRICEWATERHOUSECOOPERS

INTERNATIONAL LIMITED ("PWC-Int'l"), by ordering it to produce the following

information relevant to Plaintiffs' claims in this lawsuit, their single business enterprise theory of

recovery against PWC-Int'l[1] (*see* R. Doc. 12) and issues raised in the motion to dismiss filed by

PWC-Int'l (*see* R. Doc. 110) as well as those issues raised in Plaintiffs' pending motion to

remand (*see* R. Doc. 13):

- Professional services shared by PWC-Int'l over the past 10 years with PricewaterhouseCoopers, LLP ("PWC-UK"), PricewaterhouseCoopers, LLP ("PWC-USA") or any other entity included in the PricewaterhouseCoopers ("PWC") network of entities (*see* Interrogatory No. 1 and RFP No. 1);

- Work of any kind undertaken by PWC-Int'l over the past 10 years with PWC-UK, PWC-USA or any other entity included in the PWC network of entities (*see* Interrogatory No. 2 and RFP No. 1);

---

[1] PWC-Int'l filed a motion to dismiss on December 26, 2012.  The motion is set for submission on January 23, 2013. Thus, Plaintiffs opposition memorandum is due January 15, 2013.  Plaintiffs need the requested discovery to prepare its opposition to the pending motion to dismiss.

- Identities of PWC-Int'l's members, directors and employees who are or have been over the past 10 years also members, directors or employees of any other entity included in the PWC network of entities (*see* Interrogatory No. 3 and RFP No. 1);

- Description of meetings PWC-Int'l has held over the past 10 years with any other entity included in the PWC network of entities (*see* Interrogatory No. 4 and RFP No. 1);

- A privilege log reflecting meetings or correspondence between PWC-Int'l and any other entity included in the PWC network of entities which address this lawsuit, either Plaintiff or Seatem Attraction Tickets (UK) Limited ("Seatem") (*see* Interrogatory No. 5 and RFP Nos. 1,6 and 7);

- Organizational documents of PWC-Int'l (*see* RFP No. 2);

- Organizational charts reflecting the relationships of the entities included in the PWC network of entities, including, but not limited to PWC-Int'l (*see* RFP No. 5);

- Customer/client lists shared over the past 10 years between PWC-Int'l and any other entity in the PWC network of entities (*see* RFP No. 8);

- PWC network-wide governing documents, such as the PWC Code of Conduct (*see* RFP No. 9);

- Documentation of the duties and authorities of the PWC Global Board of Directors (*see* RFP No. 10);

- Documentation of the duties and authorities of the PWC Network Leadership Team (*see* RFP No. 11);

- Documentation of the duties and authorities of the PWC Strategy Council (*see* RFP No. 12);

- Documentation of the duties and authorities of the PWC Network Executive Team (*see* RFP No. 13);

- Documentation of the duties and authorities of the PWC Global Ethics Leader (*see* RFP No. 14);

- Documentation of the duties and authorities of the PWC Chairman (*see* RFP No. 15); and

- PWC Global Annual Review documents for the past 10 years (*see* RFP No. 16).

The prior discovery Orders of this Court show that Plaintiffs are entitled to the foregoing information. *See* R. Docs. 62 and 108. Hence, Plaintiffs also seek an award of all attorneys' fees

and costs incurred in pursuing this motion pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

## BACKGROUND[2]

Plaintiffs commenced this proceeding in the Louisiana state court system.  Rec. Doc. 1-2, ¶ I.  Mr. Newton was a percentage owner and lender through BMPP3 of Seatem.  *See id.*  Defendant Northern Bank Limited ("NBL") and Seatem entered into a loan agreement wherein NBL was to provide Seatem with working capital for its ticketing operations.  *Id.* ¶ 1.  Due to the global credit crisis, NBL changed its methodology of extending credit to Seatem, requiring Mr. Newton to personally guarantee a loan.  *Id.* ¶¶ 8-10.  NBL told Mr. Newton that it would not attempt to collect the guarantee.  *Id.* ¶¶ 11-12.  Despite the fact that NBL asked Mr. Newton to sign the guarantee amidst promises of continued and increased financial support for Seatem, NBL curtailed its support of Seatem.  *Id.* ¶ 15.  Furthermore, Mr. Newton's guarantee was signed in conjunction with a credit facility that expired in 2009 without any call having been made against the guarantee.  *Id.* ¶ 16.  Despite NBL's representations and promises that it would not do so, NBL has been attempting to execute on Mr. Newton's personal guarantee, causing him damages.  *Id.* ¶¶ 35, 39.

As a prerequisite to the transfer of funds in the loan agreement between NBL and Seatem, NBL required that PWC produce a report on Seatem that explained its business operations.  *See id.* at ¶ 17.  PWC was appointed the first week in November 2009 and was to present a finalized report by December 5, 2009.  *See id.* at ¶ 19.  However, PWC did not finalize its report until the last week in February 2010.  *See id.*  The delay in PWC's reporting and NBL's contemporaneous

---

[2]  Because this Court is well acquainted with the background of this litigation, Plaintiffs provide a summary of the pertinent background to the extent such is relevant to their motion to compel.

refusal to provide funds without a finalized PWC report resulted in the difficulties of declining sales revenue and attendant termination of supplier relationships with Seatem.  *See id.* at ¶ 21.

The finalized PWC report was also severely flawed.  *See id.* at ¶ 22.  Notably, Plaintiffs did not receive a copy of the PWC report until after the present lawsuit was filed.  The report was prepared by a junior accountant (one year qualified) who was ill equipped to evaluate this multi-million dollar complex international enterprise.  *See id.*  The junior accountant never even talked to any of the principals of Seatem, including, but not limited to Messrs. Rory Burns and Paul Burns.  *See id.*  This omission is even more egregious as the report, in its conclusions, referred to the views of Seatem's directors.  *Id.*  PWC never met with, interviewed, or sought access to Seatem's directors.  *See id.*  Moreover, PWC's partner responsible for the report had worked previously for NBL for a decade.  *See id.*

BMPP3, which had been lending and investing capital in Seatem, eventually had to write off $20,718,096 as of calendar year 2010, which it reported in its 2010 taxes filed in 2011.  BMPP3 lost the $20+ million as a direct result of the actions of both NBL and the PWC defendants.  *See id.* ¶ 28.  Therefore, Plaintiffs filed the instant lawsuit seeking the recovery of all damages they have suffered due to Defendants' wrongful acts, and a declaratory judgment that Mr. Newton's personal guarantee was void *ab initio* and/or that the guarantee does not attach to the newer credit facility.  *Id.*, Prayer.

Plaintiffs filed a First Amending Petition in which they named PWC-UK and PWC-Int'l as defendants.  *See* Rec. Doc. 12.  PWC-USA and PWC-UK are members of the PWC global network of entities under the control of PWC-Int'l.  *Id.* ¶ 62.  Notably, PWC-UK and PWC-USA share the identical name, PricewaterhouseCoopers, LLP.  The PWC global network, including PWC-USA, PWC-UK, and PWC-Int'l, operate as a single business entity.  At all relevant times,

Plaintiffs believed they were dealing with PWC-USA and were unaware of any alleged distinction between PWC-USA and PWC-UK, which both have the same name. *Id.* ¶ 63. Thus, Plaintiffs' First Amending Petition asserts claims against PWC-UK, PWC-Int'l, and PWC-USA as defendants who are solidarily liable to Plaintiffs under contract and tort law. *Id.* ¶ 65.

### Relevant Procedural History

On October 31, 2012, this Court denied PWC-USA's motion for protective order by ordering PWC-USA to substantively respond to Plaintiffs with deposition witnesses and written discovery responses on the following topics:

- The organizational structure of PWC;
- The foundational DOCUMENTS of PWC-USA;
- Corporate relationship amongst PWC-USA, PWC-UK and PWC-Int'l;
- Shared services between PWC-USA and PWC-UK or PWC-Int'l;
- Meetings or correspondence between PWC-USA and any other PWC network entity relating to Plaintiffs, Seatem or this litigation;
- The duties and authorities of the PWC Global Board;
- The duties and authorities of the PWC Code of Conduct;
- The duties and authorities of the PWC Network Leadership Team;
- The duties and authorities of the PWC Strategy Council;
- The duties and authorities of the PWC Network Executive Team;
- The duties and authorities of the PWC Global Ethics Leader;
- The duties and authorities of the PWC Chairman; and
- PWC-USA members, directors, and employees who are (or have been over the last 10 years) also members, directors, or employees of another PWC network entity, including, but not limited to PWC-UK and PWC-Int'l.

*See* R. Doc. 62. In making its Order, this Court specifically noted that "the District Judge recognized that there was a <u>need</u> for discovery related to the jurisdictional issues raised in plaintiffs' motion to remand." *Id.* (emphasis added). Plaintiffs' motion to remand remains

pending in this Court. Hence, the reasons given in the Court's October 31, 2012 Order remain applicable.[3]

In direct line with the need for jurisdictional discovery recognized by the Court on October 31, 2012, Plaintiffs subsequently propounded upon PWC-Int'l written jurisdictional discovery consisting of interrogatories and requests for production of documents that fall into the same topical areas approved by this Court on October 31, 2012. *See* Exhibit A. PWC-Int'l served its answers to Plaintiffs' interrogatories and PWC-Int'l's responses to Plaintiffs' requests for production on December 19, 2012. *See id.*

Also on December 19, 2012, this Court granted Plaintiffs' motion to compel against NBL by ordering NBL to identify "for purposes of the jurisdictional issue to be decided by the District Judge" certain communications between NBL and the Walt Disney Company. *See* R. Doc. 108 (emphasis added). That Order confirmed that Plaintiffs are entitled to jurisdictional discovery against defendants who have moved the Court to dismiss Plaintiffs' claims against them for jurisdictional reasons. That Order was also not timely appealed to the District Court and therefore is reasoning should be viewed as "law of the case."

Despite this Court's discovery Orders, PWC-Int'l has impermissibly refused to provide substantive responses to Plaintiffs' discovery requests because, according to PWC-Int'l, "no discovery from [PWC-Int'l] is necessary or appropriate because this case should be dismissed" for the reasons asserted in PWC-Int'l's motion to dismiss (R. Doc. 110). *See* Ex. A (emphasis added). PWC-Int'l has made clear that it will not respond substantively to Plaintiffs' discovery requests until this Court rules on PWC-Int'l's motion to dismiss for lack of personal jurisdiction

---

[3] PWC-USA complied with this Court by providing the depositions of Patrice Edmonds and Joseph Killian, who had offered declarations in support of PWC-USA's position. PWC-USA appealed this Court's Order as to its 30(b)(6) deposition and written in discovery to the District Court. *See* R. Doc. 65. PWC-USA's appeal to the District Court was set for submission on November 7, 2012. As of the date of the instant filing, the appeal is still pending with the District Court.

over PWC-Int'l and inconvenient venue. *See id.* PWC-Int'l's position was reiterated in the 37.1 discovery conference held between counsel on January 4, 2013. PWC-Int'l refused to produce any documents even when Plaintiffs' counsel offered to limit the scope of the requests to the past five (5) as opposed to 10 years. The refusal was unjustified under the rules of discovery, and thus PWC-Int'l should be compelled to provide complete, substantive answers and responses to Plaintiffs' discovery.

## ARGUMENT & LAW

**A.    The Standard for Discovery in This Matter Requires PWC-Int'l to Produce the Information Sought in this Motion.**

The Federal Rules of Civil Procedure provide for broad and liberal discovery. *See Plaisance v. Steakhouse*, No. 97-0760, 1998 WL 214740 (E.D. La. 4/30/98) (Vance, J). In general, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of another party. *See* FED. R. CIV. P. 26(b). Relevance is defined more broadly in discovery than it is at trial. *See* WRIGHT, MILLER & MARCUS, *Federal Practice & Procedure*: Civil 2d § 2008 at 99 (1994) ("The Rule requires only that the information sought be 'relevant to the subject matter involved in the pending action.' This is an explicit recognition that the question of relevancy is to be more loosely construed at the discovery stage than at the trial."). Accordingly, a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter in the action or if there is any possibility that the information sought may lead to the discovery of admissible evidence. *See Garcel, Inc. v. Hibernia Nat'l Bank*, No. 01-0772, 2002 WL100605 (E.D. La.1/24/02) (Roby, M.J.). Discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants at civil trials. *See Hebert v. Lando*, 441 U.S. 153, 176 (1979).

Pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, upon a party's failure to respond to interrogatories or requests for production, "the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." Unless the motion to compel is considered unjustified, the court, upon granting an order to compel, "shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion." *Id.*

Plaintiffs have brought breach of contract and accounting malpractice claims against PWC-Int'l and has alleged the single business enterprise/alter ego theory of recovery against PWC-Int'l. Plaintiffs' motion to compel should be granted because it seeks the production of information that is at the heart of their claims against not only PWC-Int'l but also against co-defendants PWC-UK and PWC-USA as well as the heart of PWC-USA's and PWC-Int'l's primary alleged defense to Plaintiffs' claims. Namely, PWC-Int'l and PWC-USA contend that Plaintiffs' claims against them should be dismissed because, as "legally separate entities" from PWC-UK in the PWC network, they are not liable for the work of PWC-UK, the member entity that they contend was the only PWC network member to work on the Seatem/NBL transaction. *See, e.g.,* R. Doc. 110 and Ex. A at Response to Interrogatory No. 1. Interrogatory Nos. 1-5 and RFP Nos. 1-2, 5, and 8-16 are directed squarely at PWC-Int'l's role in the PWC global network's operation as a single business entity, as they request:

- Professional services shared by PWC-Int'l over the past 10 years with PWC-UK, PWC-USA or any other entity included in the PWC network of entities (*see* Interrogatory No. 1 and RFP No. 1);
- Work of any kind undertaken by PWC-Int'l over the past 10 years with PWC-UK, PWC-USA or any other entity included in the PWC network of entities (*see* Interrogatory No. 2 and RFP No. 1);

- Identities of PWC-Int'l's members, directors and employees who are or have been over the past 10 years also members, directors or employees of any other entity included in the PWC network of entities (*see* Interrogatory No. 3 and RFP No. 1);
- Description of meetings PWC-Int'l has held over the past 10 years with any other entity included in the PWC network of entities (*see* Interrogatory No. 4 and RFP No. 1);
- A privilege log reflecting meetings or correspondence between PWC-Int'l and any other entity included in the PWC network of entities which address this lawsuit, either Plaintiff or Seatem Attraction Tickets (UK) Limited ("Seatem") (*see* Interrogatory No. 5 and RFP Nos. 1, 6 and 7);
- Organizational documents of PWC-Int'l (*see* RFP No. 2);
- Organizational charts reflecting the relationships of the entities included in the PWC network of entities, including, but not limited to PWC-Int'l (*see* RFP No. 5);
- Customer/client lists shared over the past 10 years between PWC-Int'l and any other entity in the PWC network of entities (*see* RFP No. 8);
- PWC network-wide governing documents, such as the PWC Code of Conduct (*see* RFP No. 9);
- Documentation of the duties and authorities of the PWC Global Board of Directors (*see* RFP No. 10);
- Documentation of the duties and authorities of the PWC Network Leadership Team (*see* RFP No. 11);
- Documentation of the duties and authorities of the PWC Strategy Council (*see* RFP No. 12);
- Documentation of the duties and authorities of the PWC Network Executive Team (*see* RFP No. 13);
- Documentation of the duties and authorities of the PWC Global Ethics Leader (*see* RFP No. 14);
- Documentation of the duties and authorities of the PWC Chairman (*see* RFP No. 15); and
- PWC Global Annual Review documents for the past 10 years (*see* RFP No. 16).

**B.**     **This Court's Prior Discovery Orders Show that Plaintiffs are Entitled to Substantive Responses to their Jurisdictional Discovery against PWC-Int'l.**

On October 31, 2012 and again on December 19, 2012, this Court found jurisdictional discovery necessary. *See* R. Docs. 62 and 108.  Jurisdictional discovery remains necessary.  The Court's October 31, 2012 Order even approved the PWC-related topics of inquiry at issue in this motion. *See* R. Doc. 62 *cf.* Ex. A.  This Court has also recognized the need for jurisdictional discovery in this lawsuit by granting Plaintiffs' separate motion to compel against NBL, ordering NBL to identify "for purposes of <u>the jurisdictional issue</u> to be decided by the District Judge" certain communications between NBL and the Walt Disney Company. *See* R. Doc. 108

(emphasis added).  These Orders confirm that Plaintiffs are entitled to jurisdictional discovery against defendants, like PWC-Int'l, who have moved the Court to dismiss Plaintiffs' claims against them for jurisdictional reasons.  While parts of the earlier Order were appealed to the District Court, this appeal has not yet been ruled on.  The second Order was not timely appealed to the District Judge and therefore should be "law of the case."  Moreover, this Court should rule in conformity with its earlier Orders unless and until its earlier Orders are reversed in any way by the District Judge.

**C.     The Standard for Jurisdictional Discovery in This Matter Likewise Requires PWC-Int'l to Produce the Information Sought in this Motion.**

The standard in this judicial circuit is as follows: If "plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's <u>right</u> to conduct jurisdictional <u>should</u> be sustained." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (emphasis added); *see also* 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice & Procedure* § 1067.6 (3d ed. 2004) (noting that jurisdictional discovery can be obtained "when there is <u>some</u> basis for believing that [it] would be fruitful") (emphasis added).  Federal appellate courts have found that this <u>right</u> triggers when "a party demonstrates that it can supplement its jurisdictional allegations through discovery." *GTE New Media Serv., Inc. v. Bellsouth Corp.*, 199 F.3d 1343, 1351-52 (D.C. Cir. 2000).  This Court has already sustained Plaintiffs' right to conduct jurisdictional discovery against both defendants PWC-USA and NBL.  *See* R. Docs. 62 and 108.

In a recent discovery opinion hinging on the single enterprise theory or recovery, Judge Eldon E. Fallon held that plaintiffs were "entitled" to conduct jurisdictional discovery against a foreign entity regarding its relationship with another defendant entity <u>before</u> the court could hear either defendant's motion to dismiss for lack of personal jurisdiction.  *In re Chinese-Mfr.*

- 10 -

*Drywall Prod. Liab. Litig.*, 2009-2047, 2011 WL 5509221, *2-3 (E.D. La. 11/10/2011). Plaintiffs' complaint had alleged that defendant/Chinese drywall manufacturers named Taishan Gypsum Co. Ltd. ("Taishan") and Beijing New Building Materials ("BNBM") were sufficiently related that the contacts of one with Louisiana should be imputed to the other for purposes of a minimum contacts analysis for personal jurisdiction.   *Id.*   Taishan argued in response that plaintiffs had failed to allege with reasonable particularity the possible existence of personal jurisdiction contacts and, therefore, plaintiffs were not entitled to jurisdictional discovery because plaintiffs' claims should be dismissed.  *See id.*  The Chinese Drywall court rejected that argument, holding: "[plaintiffs were] <u>not</u> required to allege with reasonable particularity the possible existence of personal jurisdiction contacts . . . rather the relevant jurisprudence on the issue recognizes the Court's <u>broad discretion</u> in discovery matters."  *Id.* (emphasis added)  The court concluded:

> [plaintiffs were] <u>entitled</u> to obtain discovery regarding [Taishan's] relationship with [BNBM and other entities upstream and downstream to BNBM] because [plaintiffs] had alleged "with reasonable particularly [sic]" <u>the possible existence of facts sufficient to impute BNBM's forum contacts, if any, to [Taishan].</u>

*Id.* at *1 (emphasis added).

PWC-Int'l has impermissibly stonewalled Plaintiff's discovery requests in the virtually identical manner as the Chinese drywall defendants of *Chinese Drywall* case.  Like the *Chinese Drywall* defendants, PWC-Int'l's arguments against discovery hinge on its pending motion to dismiss for lack of personal jurisdiction and for inconvenient venue.  PWC-Int'l's arguments fail under Judge Fallon's ruling as well as the liberal standard for jurisdictional discovery in this judicial circuit upon which Judge Fallon's opinion was based.  Like the plaintiffs of the *Chinese Drywall* case, Plaintiffs seek to obtain discovery regarding <u>the relationship amongst</u> PWC-Int'l and the other members of the PWC global network of entities, including, but not limited to,

PWC-USA and PWC-UK.  The PWC defendants, including PWC-Int'l, have made the issue the centerpiece of their defense to Plaintiffs' claims against them.  Moreover, PWC-USA does not dispute that it has minimum contacts with Louisiana, nor could it, as it partners reside in Louisiana and it does significant work in Louisiana, including, but not limited to, being the leading accounting firm for the BP Class Action Settlement recently approved by District Judge Carl Barbier.  *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, E.D. La.

In a similar opinion, Judge Fallon rejected the defense to jurisdictional discovery that the plaintiff seeking such discovery must first make a *prima facie* case for either specific or general jurisdiction.  *See Blessey Marine Serv., Inc. v. Jeffboat, LLC*, 2:10-cv-1863, 2011 WL 651999, *6 (E.D. La. 2/10/2011).  Citing the Fifth Circuit *Fielding* case, Judge Fallon reasoned that the proper standard requires movant only to "present factual allegations that <u>suggest</u> with reasonable particularity the <u>possible</u> existence of the requisite contacts."  *See id.* at *5 (emphasis added).  Plaintiffs have so done in their Petition, as amended; their motion to remand (R. Doc. 12); their opposition to PWC-USA's motion for protective order (R. Doc. 61); and their opposition to PWC-USA's appeal of this Court's discovery Order against it (R. Doc. 89); moreover, this Court has implicitly held same in its prior discovery Orders.  *See* R. Docs. 62 and 108.  Plaintiffs adopt by reference, as if stated herein, the arguments made in those prior-filed documents.

<u>**CONCLUSION**</u>

For the foregoing reasons, this Court should grant Plaintiffs' motion to compel.  For the same reasons, this Court should also order PWC-Int'l to pay Plaintiffs' attorneys' fees and costs attendant with this Motion.

Respectfully submitted,


/s/Martha Y. Curtis
JAMES M. GARNER, #19589
MARTHA Y. CURTIS, #20446, T.A.
MATTHEW C. CLARK #31102
**SHER GARNER CAHILL RICHTER
 KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile:  (504) 299-2300
**ATTORNEYS FOR PLAINTIFFS
BURRUS MORTGAGE PORTOFOLIO
PARTNERSHIP III AND GEORGE J. NEWTON III**


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on all counsel of record through electronic mail this 8th day of January, 2013.


/s/Martha Y. Curtis
**MARTHA Y. CURTIS**