**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III AND GEORGE J. NEWTON, III | CIVIL ACTION NO. 2:12-CV-1445 |
| Plaintiffs, | JUDGE ENGELHARDT |
| | MAGISTRATE CHASEZ |
| VERSUS | |
| NORTHERN BANK LIMITED AND PRICEWATERHOUSECOOPERS, LLP | |
| Defendants. | |

### RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES TO PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED (PWCIL)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant PricewaterhouseCoopers International Limited ("PwCIL") hereby responds and objects to Plaintiffs' Interrogatories to PricewaterhouseCoopers International Limited, served on November 19, 2012 (the "Interrogatories", and each individually, an "Interrogatory"), as follows:

### GENERAL OBJECTIONS

1.      PwCIL contests jurisdiction and intends to move to dismiss plaintiffs' claims on that basis.  PwCIL submits these responses without prejudice to any of its defenses, including without limitation lack of personal jurisdiction and *forum non conveniens*.

2.      PwCIL objects to the Interrogatories on the ground that no discovery is necessary or appropriate because this case should be dismissed on the basis of *forum non conveniens* or inconvenient venue.

3.      PwCIL objects to the Interrogatories on the ground that no discovery from PwCIL is necessary or appropriate because the claims against PwCIL



should be dismissed for lack of personal jurisdiction over PwCIL.  Plaintiffs are not entitled to jurisdictional discovery as to PwCIL because plaintiffs have failed to plead a *prima facie* case of jurisdiction over PwCIL.  Moreover, the Requests do not relate to PwCIL's contacts with Louisiana, and would not therefore be permissible jurisdictional discovery even if plaintiffs were entitled to jurisdictional discovery as to PwCIL.

4.     PwCIL objects to the Interrogatories on the ground that no discovery is necessary or appropriate until after the Court rules on PwCIL's contemplated motion to dismiss.

5.     PwCIL objects to the Interrogatories on the ground that they are duplicative with discovery requests already issued to PwC U.S.  Discovery from PwCIL relating to plaintiffs' claim that PwCIL and PwC U.S. are alter egos of each other is inappropriate because plaintiffs have already obtained such discovery from PwC U.S.

6.     PwCIL objects to the Interrogatories on the ground that they are not within the scope of permissible discovery for a fraudulent joinder inquiry or an inquiry into whether any defendant is subject to personal jurisdiction.

7.     PwCIL objects to the Interrogatories as premature on the ground that the Court has not yet ruled on PwC U.S.'s Partial Objection to Magistrate's Order filed on November 6, 2012, concerning the scope of permissible discovery.

8.     PwCIL objects to the Interrogatories, including, without limitation, the Definitions and Instructions therein, to the extent that they seek to impose on PwCIL any duties or obligations beyond those imposed by the Federal Rules of Civil Procedure, other applicable law or Court orders.

9.     PwCIL objects to the Interrogatories on the ground that they are vague, overbroad, oppressive, unduly burdensome, cumulative, harassing, and/or not reasonably calculated to lead to the discovery of admissible evidence.

10.    PwCIL objects to the Interrogatories to the extent that they seek or are dependent upon information not within PwCIL's possession, custody or control.

11.    PwCIL objects to the Interrogatories to the extent that they call for the production of trade secrets and/or other confidential and proprietary information. PwCIL objects to producing any non-public information prior to the entry of an appropriate protective order.

12.    PwCIL objects to the Interrogatories, including, without limitation, the Definitions and instructions therein, to the extent that they seek information that is subject to claims of privilege under the attorney-client privilege, constitute work product, are subject to confidentiality protections, and/or are otherwise privileged and protected from discovery (collectively, "privileged information"). PwCIL hereby asserts all such privileges and protections to the extent implicated by each Interrogatory and excludes privileged and protected information from its responses. Any disclosure of such information by PwCIL or its counsel is inadvertent and is not intended to waive those privileges and protections.

13.    PwCIL objects to the Interrogatories to the extent that they assume disputed facts or legal conclusions in defining the information requested. PwCIL hereby denies any such disputed fact or legal conclusion to the extent assumed by each Interrogatory. Any response or objection by PwCIL with respect to any such Interrogatory is without prejudice to this objection.

14.     In responding to the Interrogatories, PwCIL does not concede the relevance, materiality or admissibility of any information sought.  PwCIL's responses are not intended to waive or prejudice any objections it may assert now or in the future, including without limitation, objections to the use or admissibility of any response at any trial or proceeding in this or any other action.

15.     PwCIL objects to the Interrogatories to the extent they seek publicly available information that is as easily accessible to Plaintiffs as it is to PwCIL.

16.     PwCIL objects to the definitions of "YOU", "YOUR", "PWC-USA" and "PWC-UK" on the grounds that they are vague, ambiguous and overbroad and seek information in a manner that is unduly burdensome.

17.     PwCIL's responses to the Interrogatories are made pursuant to its present state of knowledge and belief, following reasonable diligence.  PwCIL expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses herein at any time.  PwCIL also reserves the right to rely at any stage of this proceeding, including trial, upon subsequently discovered information, or upon information not contained in its present responses because of inadvertence or mistake.

18.     The Specific Responses and Objections to each Interrogatory that follow are made subject to and without waiving any of the General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS

Interrogatory No. 1:

DESCRIBE any and all services, such as accounting, computer software, marketing, human resources, and the International Survey Unit, YOU have shared with other PricewaterhouseCoopers ("PWC") entities over the last 10 years, including, but not limited to, PWC-USA and PWC-UK.

Response to Interrogatory No. 1:

PwCIL incorporates its general objections as if fully set forth herein. In addition to the foregoing general objections, PwCIL objects to this Interrogatory on the grounds that it is vague and ambiguous and that the term "PricewaterhouseCoopers entities" is not defined. PwCIL further objects to this Interrogatory as overbroad and unduly burdensome because, among other reasons, the PricewaterhouseCoopers network consists of legally separate entities operating in over 750 locations in 158 countries, and a 10-year period is an arbitrary, unreasonable and inappropriate length of time. PwCIL further objects to this Interrogatory on the ground that the term "services" is overbroad and not in any way limited or defined to encompass potentially relevant issues.

PwCIL states that it has provided no services to plaintiffs in this action, and that it has not shared or assisted any PwC member firm in providing services to plaintiffs in this action. On the basis of the objections stated above, PwCIL will not respond further to this Interrogatory.

Interrogatory No. 2:

DESCRIBE any and all work YOU have undertaken with other PWC entities over the last 10 years, including, but not limited to, PWC-USA and PWC-UK.

Response to Interrogatory No. 2:

PwCIL incorporates its general objections as if fully set forth herein. In addition to the foregoing general objections, PwCIL objects to this Interrogatory on the ground that it is vague and ambiguous. PwCIL further objects to this Interrogatory on the ground that the term "PwC entities" is not defined. PwCIL further objects to this Interrogatory as overbroad and unduly burdensome because, among other reasons, the PricewaterhouseCoopers network consists of legally separate entities operating in over

750 locations in 158 countries, and a 10-year period is an arbitrary, unreasonable and inappropriate length of time. PwCIL further objects to this Interrogatory on the ground that the terms "work" and "undertaken with" are overbroad and not in any way limited or defined to encompass potentially relevant issues.

PwCIL states that it does not provide any professional services, and therefore has not provided any services to clients of any PwC member firms, including PwC U.S. and PwC U.K. On the basis of the objections stated above, PwCIL will not respond further to this Interrogatory.

Interrogatory No. 3:

IDENTIFY all of YOUR members, directors, and employees who are (or have been over the last 10 years) also members, directors, or employees of another PWC entity, including, but not limited to, PWC-USA and PWC-UK. Please include their titles.

Response to Interrogatory No. 3:

PwCIL incorporates its general objections as if fully set forth herein. In addition to the foregoing general objections, PwCIL objects to this Interrogatory on the ground that it is vague and ambiguous. PwCIL further objects to this Interrogatory as irrelevant. PwCIL further objects to this Interrogatory as overbroad and unduly burdensome because, among other reasons, a 10-year period is an arbitrary, unreasonable and inappropriate length of time. Accordingly, PwCIL will not respond further to this Interrogatory.

Interrogatory No. 4:

DESCRIBE all meetings YOU have held with other PWC entities over the last 10 years, including, but not limited to, PWC-USA and PWC-UK.

Response to Interrogatory No. 4:

PwCIL incorporates its general objections as if fully set forth herein. In addition to the foregoing general objections, PwCIL objects to this Interrogatory on the ground that it is vague and ambiguous. PwCIL further objects to this Interrogatory on the ground that the term "PWC entities" is not defined. PwCIL further objects to this Interrogatory as irrelevant. PwCIL further objects to this Interrogatory on the grounds that is overbroad, unduly burdensome, harassing, and not reasonably calculated to the discovery of admissible evidence. In particular, the term "meetings" is overbroad and not in any way limited or defined to encompass potentially relevant issues. PwCIL further objects to this Interrogatory as overbroad and unduly burdensome because, among other reasons, the PricewaterhouseCoopers network consists of legally separate entities operating in over 750 locations in 158 countries, and a 10-year period is an arbitrary, unreasonable and inappropriate length of time. Accordingly, PwCIL will not respond further to this Interrogatory.

Interrogatory No. 5:

DESCRIBE all communications, including meetings, YOU have had with employees, members, or directors of another PWC entity, including, but not limited to, PWC-USA or PWC-UK, regarding this litigation, the underlying claims and events, BMPP3, Mr. George Newton, III, or Seatem Attraction Tickets (UK) Limited.

Response to Interrogatory No. 5:

PwCIL incorporates its general objections as if fully set forth herein. In addition to the foregoing general objections, PwCIL objects to this Interrogatory on the ground that it is vague and ambiguous. PwCIL further objects to this Interrogatory on the ground that the term "PWC entity" is not defined. PwCIL further objects to this Interrogatory as overbroad and unduly burdensome because, among other reasons, the

PricewaterhouseCoopers network consists of legally separate entities operating in over 750 locations in 158 countries, and a 10-year period is an arbitrary, unreasonable and inappropriate length of time. PwCIL further objects to this Interrogatory to the extent it calls for the disclosure of communications that are protected from discovery by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, or other applicable privileges.

PwCIL states that it is unaware of any responsive communications prior to plaintiffs' institution of claims against PwCIL in this action. PwCIL states further that all subsequent communications are protected from discovery by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, or other applicable privileges. Accordingly, PwCIL will not respond further to this Interrogatory.

Interrogatory No. 6:

>   IDENTIFY all individuals who worked on the PWC report that is a subject of this litigation, including, but not limited to, Garth Calow, Noel Culbert, and Wendy McVeigh. Please include their employers, titles, and PWC board memberships over the past 10 years.

Response to Interrogatory No. 6:

PwCIL incorporates its general objections as if fully set forth herein. In addition to the foregoing general objections, PwCIL objects to this Interrogatory on the ground that it is vague and ambiguous. PwCIL also objects to this Interrogatory to the extent it calls for the disclosure of information that is not within PwCIL's custody or control. PwCIL further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome. PwCIL further objects to this Interrogatory as overbroad and unduly burdensome because a 10-year period is an arbitrary, unreasonable and inappropriate length of time.

PwCIL states that it has no information concerning who the individuals are who worked on the PwC U.K. report that is a subject of the litigation. PwCIL states further that Garth Calow, Noel Culberg, and Wendy McVeigh do not hold any position with PwCIL.

December 19, 2012

By:

Dane S. Ciolino, La. Bar No. 19311
DANE S. CIOLINO, LLC
18 Farnham Pl.
Metairie, LA 70005
(504) 834-8519
dane@daneciolino.com

Thomas G. Rafferty (*admitted pro hac vice*)
Antony L. Ryan  (*admitted pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019-7475
T: (212) 474-1000
F: (212) 474-3700

*Counsel for Defendant PricewaterhouseCoopers*
   *International Limited*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III AND GEORGE J. NEWTON, III <br>       Plaintiffs, <br><br> VERSUS <br><br> NORTHERN BANK LIMITED AND PRICEWATERHOUSECOOPERS, LLP <br>       Defendants. | CIVIL ACTION NO. 2:12-CV-1445 <br><br> JUDGE ENGELHARDT <br> MAGISTRATE CHASEZ |

## RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED (PWC-INT'L)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant PricewaterhouseCoopers International Limited ("PwCIL") hereby responds and objects to Plaintiffs' Requests for Production of Documents to PricewaterhouseCoopers International Limited, served on November 19, 2012 (the "Requests", and each individually, a "Request"), as follows:

### GENERAL OBJECTIONS

1.      PwCIL contests jurisdiction and intends to move to dismiss plaintiffs' claims on that basis. PwCIL submits these responses without prejudice to any of its defenses, including without limitation lack of personal jurisdiction and *forum non conveniens.*

2.      PwCIL objects to the Requests on the ground that no discovery is necessary or appropriate because the case should be dismissed on the basis of *forum non conveniens* or inconvenient venue.

3.      PwCIL objects to the Requests on the ground that no discovery from PwCIL is necessary or appropriate because the claims against PwCIL should be dismissed for lack of personal jurisdiction over PwCIL.  Plaintiffs are not entitled to jurisdictional discovery as to PwCIL because plaintiffs have failed to plead a *prima facie* case of jurisdiction over PwCIL.  Moreover, the Requests do not relate to PwCIL's contacts with Louisiana, and would not therefore be permissible jurisdictional discovery even if plaintiffs were entitled to jurisdictional discovery as to PwCIL.

4.      PwCIL objects to the Requests on the ground that no discovery is necessary or appropriate until after the Court rules on PwCIL's contemplated motion to dismiss.

5.      PwCIL objects to the Requests on the ground that they are duplicative with discovery requests already issued to PwC U.S.  Discovery from PwCIL relating to plaintiffs' claim that PwCIL and PwC U.S. are alter egos of each other is inappropriate because plaintiffs have already obtained such discovery from PwC U.S.

6.      PwCIL objects to the Requests on the ground that they are not within the scope of permissible discovery for a fraudulent joinder inquiry or an inquiry into whether any defendant is subject to personal jurisdiction.

7.      PwCIL objects to the Requests as premature on the ground that the Court has not yet ruled on PwC U.S.'s Partial Objection to Magistrate's Order filed on November 6, 2012, concerning the scope of permissible discovery.

8.      PwCIL objects to the Requests, including, without limitation, the Definitions and Instructions therein, to the extent that they seek to impose on PwCIL any

duties or obligations beyond those imposed by the Federal Rules of Civil Procedure, other applicable law or Court orders.

9.    PwCIL objects to the Requests on the ground that they are vague, overbroad, oppressive, unduly burdensome, cumulative, harassing, and/or not reasonably calculated to lead to the discovery of admissible evidence.

10.    PwCIL objects to the Requests to the extent that they seek documents that are not within PwCIL's possession, custody or control.

11.    PwCIL objects to the Requests to the extent that they call for the production of trade secrets and/or other confidential and proprietary information. PwCIL objects to producing any non-public documents prior to the entry of an appropriate protective order.

12.    PwCIL objects to the Requests, including, without limitation, the Definitions and instructions therein, to the extent that they seek documents that are subject to claims of privilege under the attorney-client privilege, constitute work product, are subject to confidentiality protections, and/or are otherwise privileged and protected from discovery (collectively, "privileged information"). PwCIL hereby asserts all such privileges and protections to the extent implicated by each Request and excludes privileged and protected documents from its responses. Any disclosure of such documents by PwCIL or its counsel is inadvertent and is not intended to waive those privileges and protections.

13.    PwCIL objects to the Requests to the extent that they assume disputed facts or legal conclusions in defining the information requested. PwCIL hereby denies any such disputed fact or legal conclusion to the extent assumed by each Request.

Any response or objection by PwCIL with respect to any such Request is without prejudice to this objection.

14.    In responding to the Requests, PwCIL does not concede the relevance, materiality or admissibility of any documents sought.  PwCIL's responses are not intended to waive or prejudice any objections it may assert now or in the future, including without limitation, objections to the use or admissibility of any response or documents at any trial or proceeding in this or any other action.

15.    PwCIL objects to the Requests to the extent they call for publicly available documents that are as easily accessible to Plaintiffs as they are to PwCIL.

16.    PwCIL objects to the definition of "DOCUMENTS" to the extent it calls for the production of "all writings or computer data of any nature" on the ground that it is inherently overbroad and unduly burdensome.

17.    PwCIL objects to the definitions of "YOU", "YOUR", "PWC-USA" and "PWC-UK" on the grounds that they are vague, ambiguous and overbroad and seek information in a manner that is unduly burdensome.

18.    PwCIL's responses to the Requests are made pursuant to its present state of knowledge and belief, following reasonable diligence.  PwCIL expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses herein at any time.  PwCIL also reserves the right to rely at any stage of this proceeding, including trial, upon subsequently discovered information, or upon information not contained in its present responses because of inadvertence or mistake.

19.    The Specific Responses and Objections to each Request that follow are made subject to and without waiving any of the General Objections.

- 4 -

## SPECIFIC RESPONSES AND OBJECTIONS

Request No. 1:

Produce all DOCUMENTS YOU referenced or consulted in preparing YOUR responses to Plaintiffs' Requests.

Response to Request No. 1:

PwCIL incorporates its general objections as if fully set forth herein.  In addition to the foregoing general objections, PwCIL objects to this Request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  PwCIL further objects to this Request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and other applicable privileges.  Accordingly, PwCIL will not produce documents in response to this Request.

Request No. 2:

Produce all YOUR organizational documents, including, but not limited to, YOUR articles of incorporation.

Response to Request No. 2:

PwCIL incorporates its general objections as if fully set forth herein.  In addition to the foregoing general objections, PwCIL objects to this Request on the ground that it is vague and ambiguous.  PwCIL further objects to this Request on the ground that the terms "organizational documents" and "articles of incorporation" are not defined. PwCIL also objects to this Request on the ground that it is irrelevant and premature. Accordingly, PwCIL will not produce documents in response to this Request.

Request No. 3:

Produce all organizational documents of PWC-USA, including, but not limited to, its partnership agreement and articles of organization.

- 5 -

<u>Response to Request No. 3:</u>

PwCIL incorporates its general objections as if fully set forth herein. In addition to the foregoing general objections, PwCIL objects to this Request on the ground that it is vague and ambiguous. PwCIL further objects to this Request on the ground that the terms "organizational documents" and "articles of organization" are not defined. PwCIL further objects to this Request on the ground that it is duplicative of requests already made to PwC U.S. PwCIL also objects to this Request to the extent it seeks information not within PwCIL's custody or control. PwCIL also objects to this Request on the ground that it is irrelevant and premature. Accordingly, PwCIL will not produce documents in response to this Request.

<u>Request No. 4:</u>

Produce all organizational documents of PWC-UK, including, but not limited to, its partnership agreement and articles of organization.

<u>Response to Request No. 4:</u>

PwCIL incorporates its general objections as if fully set forth herein. In addition to the foregoing general objections, PwCIL objects to this Request on the ground that it is vague and ambiguous. PwCIL further objects to this Request on the ground that the terms "organizational documents" and "articles of organization" are not defined. PwCIL further objects to this Request on the ground that it is duplicative of requests made to PwC U.K. PwCIL also objects to this Request to the extent it seeks information not within PwCIL's custody or control. PwCIL also objects to this Request on the ground that it is irrelevant and premature. Accordingly, PwCIL will not produce documents in response to this Request.

Request No. 5:

Produce the organizational chart or charts showing all PricewaterhouseCoopers ("PWC") entities.

Response to Request No. 5:

PwCIL incorporates its general objections as if fully set forth herein. In addition to the foregoing general objections, PwCIL objects to this Request on the ground that the term "PricewaterhouseCoopers entities is not defined  PwCIL further objects to this Request on the ground that it is duplicative of requests already made to PwC U.S. PwCIL also objects to this Request to the extent it calls for the production of documents that are not within PwCIL's custody or control.  PwCIL also objects to this Request on the ground that it is irrelevant and premature.  Accordingly, PwCIL will not produce documents in response to this Request.

Request No. 6:

Produce all communications, including meeting minutes, YOU have had with employees, members, or directors of another PWC entity, including, but not limited to, PWC-USA or PWC-UK, regarding this litigation, the underlying claims and events of this litigation, BMPP3, Mr. George Newton, III, or Seatem Attraction Tickets (UK) Limited.

Response to Request No. 6:

PwCIL incorporates its general objections as if fully set forth herein. In addition to the foregoing general objections, PwCIL further objects to this Request on the ground that it is duplicative of requests already made to PwC U.S.  PwCIL also objects to this Request to the extent it calls for the production of documents that are not within PwCIL's custody or control.  PwCIL further objects to this Request to the extent it calls for the production of documents that are protected from discovery by the attorney-client

- 7 -

privilege, the attorney work product doctrine, the joint defense privilege, or other applicable privileges.

In response, PwCIL states that it is unaware of any responsive communications prior to plaintiffs' institution of claims against PwCIL in this action. PwCIL states further that all subsequent communications are protected from discovery by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, or other applicable privileges  Accordingly, PwCIL will not produce documents in response to this Request.

Request No. 7:

> Produce all DOCUMENTS YOU have or have created regarding this litigation, the underlying claims and events of this litigation, BMPP3, Mr. George Newton, III, or Seatem Attraction Tickets (UK) Limited. Please include all contracts and letters PWC sent to the parties to this litigation, including, but not limited to, the November 2, 2009 Engagement Letter and Terms of Business.

Response to Request No. 7:

PwCIL incorporates its general objections as if fully set forth herein.  In addition to the foregoing general objections, PwCIL further objects to this Request on the ground that it is duplicative of requests already made to PwC U.S.  PwCIL also objects to this Request to the extent it calls for the production of documents that are not within PwCIL's custody or control.  PwCIL further objects to this Request to the extent it calls for the production of documents that are protected from discovery by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, or other applicable privileges.

In response, PwCIL states that it is unaware of any responsive documents that PwCIL had or created prior to plaintiffs' institution of claims against PwCIL in this action.  PwCIL states further that all subsequent documents are protected from discovery

by the attorney-client privilege, the attorney work product doctrine, the joint defense

privilege, or other applicable privileges.  Accordingly, PwCIL will not produce

documents in response to this Request.

Request No. 8:

> Produce all customer/client lists YOU have shared over the past 10 years with
> another PWC entity, including, but not limited to, PWC-USA or PWC-UK.

Response to Request No. 8:

PwCIL incorporates its general objections as if fully set forth herein.  In

addition to the foregoing general objections, PwCIL objects to this Request on the ground

that the term "PwC entity" is not defined.  PwCIL further objects to this Request on the

ground that it is irrelevant.  PwCIL further objects to this Request on the ground that it is

overbroad and unduly burdensome because, among other reasons, the

PricewaterhouseCoopers network consists of legally separate entities operating in over

750 locations in 158 countries, and a 10-year period is an arbitrary, unreasonable and

inappropriate length of time.  Accordingly, PwCIL will not produce documents in

response to this Request.

Request No. 9:

> Produce all DOCUMENTS that have, over the last 10 years, governed YOUR
> behavior as well as that of any other PWC entity, the PWC Code of Conduct, for
> example.

Response to Request No. 9:

PwCIL incorporates its general objections as if fully set forth herein.  In

addition to the foregoing general objections, PwCIL objects to this Request on the ground

that the terms "governed YOUR behavior" and  "PwC entity" are not defined.  PwCIL

further objects to this Request on the ground that it is irrelevant.  PwCIL further objects

to this Request on the ground that it is overbroad and unduly burdensome because, among other reasons, the PricewaterhouseCoopers network consists of legally separate entities operating in over 750 locations in 158 countries, and a 10-year period is an arbitrary, unreasonable and inappropriate length of time. Accordingly, PwCIL will not produce documents in response to this Request.

Request No. 10:

Produce all DOCUMENTS showing the duties and authorities of the PWC Global Board of Directors.

Response to Request No. 10:

PwCIL incorporates its general objections as if fully set forth herein. In addition to the foregoing general objections, PwCIL objects to this Request on the ground that it is irrelevant, overbroad and unduly burdensome. Accordingly, PwCIL will not produce documents in response to this Request.

Request No. 11:

Produce all DOCUMENTS showing the duties and authorities of the PWC Network Leadership Team.

Response to Request No. 11:

PwCIL incorporates its general objections as if fully set forth herein. In addition to the foregoing general objections, PwCIL objects to this Request on the ground that it is irrelevant, overbroad and unduly burdensome. Accordingly, PwCIL will not produce documents in response to this Request.

Request No. 12:

Produce all DOCUMENTS showing the duties and authorities of the PWC Strategy Council.

Response to Request No. 12:

PwCIL incorporates its general objections as if fully set forth herein.  In addition to the foregoing general objections, PwCIL objects to this Request on the ground that it is irrelevant, overbroad and unduly burdensome.  Accordingly, PwCIL will not produce documents in response to this Request.

Request No. 13:

Produce all DOCUMENTS showing the duties and authorities of the PWC Network Executive Team.

Response to Request No. 13:

PwCIL incorporates its general objections as if fully set forth herein.  In addition to the foregoing general objections, PwCIL objects to this Request on the ground that it is irrelevant, overbroad and unduly burdensome.  Accordingly, PwCIL will not produce documents in response to this Request.

Request No. 14:

Produce all DOCUMENTS showing the duties and authorities of the PWC Global Ethics Leader.

Response to Request No. 14:

PwCIL incorporates its general objections as if fully set forth herein.  In addition to the foregoing general objections, PwCIL objects to this Request on the ground that the term "PWC Global Ethics Leader" is not defined.  PwCIL further objects to this Request on the ground that it is irrelevant, overbroad and unduly burdensome.  Accordingly, PwCIL will not produce documents in response to this Request.

Request No. 15:

Produce all DOCUMENTS showing the duties and authorities of the PWC Chairman.

<u>Response to Request No. 15:</u>

PwCIL incorporates its general objections as if fully set forth herein.  In addition to the foregoing general objections, PwCIL objects to this Request on the ground that it is irrelevant, overbroad and unduly burdensome.  Accordingly, PwCIL will not produce documents in response to this Request.

<u>Request No. 16:</u>

Produce all PWC Global Annual Review DOCUMENTS over the past 10 years.

<u>Response to Request No. 16:</u>

PwCIL incorporates its general objections as if fully set forth herein.  In addition to the foregoing general objections, PwCIL objects to this Request on the ground that the term "PWC Global Annual Review" is not defined.  PwCIL further objects to this Request on the ground that it is irrelevant.  PwCIL further objects to this Request on the ground as overbroad and unduly burdensome because, among other reasons, a 10-year period is an arbitrary, unreasonable and inappropriate length of time.  Accordingly, PwCIL will not produce documents in response to this Request.

December 19, 2012

By: _____

Dane S. Ciolino, La. Bar No. 19311
DANE S. CIOLINO, LLC
18 Farnham Pl.
Metairie, LA 70005
(504) 834-8519
dane@daneciolino.com

Thomas G. Rafferty (*admitted pro hac vice*)
Antony L. Ryan  (*admitted pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019-7475
T: (212) 474-1000
F: (212) 474-3700

*Counsel for Defendant PricewaterhouseCoopers*
    *International Limited*

- 13 -