UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III and GEORGE J. NEWTON, III<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHERN BANK LIMITED and PRICEWATERHOUSECOOPERS LLP,<br><br>Defendants. | **Civil Action No. 2:12-cv-1445**<br><br>**Judge Engelhardt**<br><br>**Magistrate Judge Chasez** |

**PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED'S
MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION TO REMAND**

Defendant PricewaterhouseCoopers International Limited ("PwCIL") respectfully submits this memorandum in opposition to the motion to remand filed by the plaintiffs [Doc. No. 13].

PwCIL originally was not named as a defendant in the petition filed by plaintiffs in state court. The plaintiffs added PwCIL to this action by an amending petition dated July 6, 2012 (served on October 19, 2012). On December 22, 2012, PwCIL moved to dismiss this action on grounds that include lack of personal jurisdiction over PwCIL in Louisiana and *forum non conveniens* for this action as a whole in favor of Northern Ireland [Doc. No. 110.] The submission date for those motions is currently January 23, 2013.

The Court has before it a motion by the plaintiffs to remand this action to state court [Doc. No. 13], and the submission date for that motion is also January 23, 2013. At the time plaintiffs' remand motion was briefed, PwCIL had not been served and did not have the opportunity to participate in the briefing. PwCIL now joins in PwC U.S.'s and Northern Bank's oppositions to plaintiffs' motion for the reasons set out in each of those parties' briefs. PwCIL

submits this memorandum in Response to Plaintiffs' Motion to Remand to make one additional argument.

This Court has discretion to dismiss this action on the basis of *forum non conveniens* without even deciding the plaintiffs' motion to remand. The United States Supreme Court has squarely held that *forum non conveniens* is a threshold procedural question, and that

> a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection. In particular, a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case.

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). Thus, "where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Id.* at 436. Given that Northern Ireland is plainly the more suitable forum for this action, PwCIL respectfully submits that this Court should "take[] the less burdensome course," and dismiss this action on the basis of *forum non conveniens* without reaching the issue of subject-matter jurisdiction (raised in the plaintiffs' motion to remand), or the issue of personal jurisdiction (raised in the motions to dismiss filed by Northern Bank, PwC U.K. and PwCIL).

The reasons for dismissal on the basis of *forum non conveniens* are set forth in full in the memoranda submitted by PwCIL and PwC U.K. in support of their motions to dismiss. We summarize them here only briefly and respectfully refer the Court to PwCIL's brief [Doc. No. 110-1] and PwC U.K.'s brief [Doc. No. 109-1] for a fuller explanation of the grounds for dismissal.

By way of background, this case involves events taking place entirely in Northern Ireland. It arises out of a loan issued by Northern Bank, which is headquartered in Belfast, to

2

Seatem Attraction, Tickets (UK) Limited ("Seatem"), a company also located in Belfast. Northern Bank engaged the Belfast office of PwC U.K. to provide it with a report on Seatem, which plaintiffs allege was flawed. The facts underlying this action are already before the courts of Northern Ireland in a related, previously-filed case in which Northern Bank is seeking to recover against plaintiff Newton on his guarantee for Seatem's debts.

The doctrine of *forum non conveniens* permits dismissal of an action when there is "another forum that could hear the case," and the relevant "private and public interest factors" weigh in favor of dismissal. *Saqui v. Price Cent. Am., LLC*, 595 F.3d 206, 211 (5th Cir. 2010). To determine whether dismissal is appropriate, the Court first should determine whether there is an adequate "alternative forum". *See DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007). Next, the Court should "determine which forum is best suited to the litigation" by weighing the relevant private and public interest factors. *Id.*

This action presents a clear case for dismissal on the basis of *forum non conveniens*. *First*, the courts of Northern Ireland, which are part of the judicial system of the United Kingdom, are adequate to hear this case. All defendants either are subject to jurisdiction in Northern Ireland or have consented to jurisdiction there for the purposes of this case. Along with its motion to dismiss, PwC U.K. has submitted the declaration of an expert on Northern Irish law, which confirms that the laws of Northern Ireland permit claims similar to those asserted here.

*Second*, the public and private interest factors weigh heavily in favor of dismissal. Given that Northern Bank, Seatem and PwC U.K. are all located in Northern Ireland, it is likely that virtually all of the relevant documentary evidence and witnesses are located in Northern Ireland. In addition, Northern Ireland has a greater interest than does Louisiana in regulating the

conduct of companies doing business in its territory. Finally, judicial efficiency would be better served by permitting this action to proceed in Northern Ireland, where a previously-filed, related suit is already underway.

Here, the courts of Northern Ireland are "plainly the more suitable arbiter[s] of the merits of the case". *Sinochem*, 549 U.S. at 425. Therefore, PwCIL respectfully submits that the Court should dismiss this action in its entirety on the basis of *forum non conveniens*.

January 11, 2013

Respectfully submitted,

_____
Dane S. Ciolino, La. Bar No. 19311
DANE S. CIOLINO, LLC
18 Farnham Pl.
Metairie, LA 70005
(504) 834-8519
dane@daneciolino.com

Thomas G. Rafferty (*admitted pro hac vice*)
Antony L. Ryan  (*admitted pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019-7475
T: (212) 474-1000
F: (212) 474-3700

*Counsel for Defendant PricewaterhouseCoopers
    International Limited*