UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III AND GEORGE J. NEWTON, III         Plaintiffs | * * * * * | CIVIL ACTION NO. 12-CV-1445 |
| VERSUS | * * | JUDGE ENGELHARDT |
| NORTHERN BANK LIMITED AND PRICEWATERHOUSECOOPERS, LLP         Defendants. | * * * * | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Plaintiffs, BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III ("BMPP3") and GEORGE J. NEWTON, III ("Mr. Newton") (collectively, "Plaintiffs"), respectfully submit this supplemental memorandum in support of Plaintiffs' Motion to Compel discovery from Defendant, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED ("PWC-Int'l") (Rec. Doc. 112). As explained in Plaintiffs' initial Memorandum in Support (Rec. Doc. 112-1), PwC-Int'l should be compelled to respond to the discovery described in that initial Memorandum. Moreover, subsequent to the filing of Plaintiffs' Motion to Compel against PwC-Int'l, counsel for PwC-Int'l sent correspondence to counsel for Plaintiffs indicating that PwC-Int'l will not respond substantively to *additional **personal jurisdiction*** discovery that is relevant to issues raised by PwC-Int'l's pending Motion to Dismiss (Rec. Doc. 110).

Specifically, Plaintiffs propounded upon PwC-Int'l written ***personal*** *jurisdictional* discovery and a Rule 30(b)(6) notice of deposition. *See* Exhibits A & B, respectively. Plaintiffs propounded this discovery upon PwC-Int'l because PwC-Int'l has filed a motion to dismiss on grounds of, *inter alia*, lack of personal jurisdiction, which is set for hearing before the District Court on January 23, 2013 (Rec. Doc. 110). Per this Court's order dated December 19, 2012,

which acknowledged that the District Court will decide issues of personal jurisdiction with respect to Northern Bank Limited ("NBL"), and under the jurisprudence of this Circuit, personal jurisdictional discovery is also proper as to PwC-Int'l, who filed a motion to dismiss separate from the motion to dismiss filed by NBL. Despite the clear propriety of the discovery, counsel for PwC-Int'l sent correspondence to counsel for Plaintiffs on January 8, 2013, after the filing of Plaintiffs' Motion to Compel, taking the position that PwC-Int'l is not required to participate in any discovery as to personal jurisdiction prior to the District Court's ruling on PwC-Int'l's motion to dismiss for lack of personal jurisdiction. *See* Exhibit C.[1] As is set forth fully in Plaintiffs' initial Memorandum in Support as to PwC-Int'l (Rec. Doc. 112-1) and in Plaintiffs' Memorandum in Support of Motion to Compel PricewaterhouseCoopers, LLP ("PwC-UK") (Rec. Doc. 114-1), PwC-Int'l's position is contrary to the law of this Circuit and prior Orders of this Court. Accordingly, PwC-Int'l should be compelled to respond to Plaintiffs' discovery concerning personal jurisdiction. *See* Exhibits A & B.[2]

## CONCLUSION

For the foregoing reasons, and the reasons explained in Plaintiffs' prior briefings concerning their pending Motions to Compel PwC-UK and PwC-Int'l, this Court should grant

---

[1] Although counsel for PwC-Int'l indicated PwC-Int'l's willingness to provide for the taking of one deposition, the proposal would require an agreement from Plaintiffs that they will not seek further discovery until the District Court rules on PwC-Int'l's Motion to Dismiss, that the deposition would be limited to fewer than all the relevant topics identified in the Rule 30(b)(6) notice (*see* Exhibit B), and that PwC-Int'l will not respond to the written discovery (*see* Exhibit A) at this time. *See* Exhibit C.

[2] The reasons that PwC-Int'l should be compelled to participate in written and oral discovery concerning issues of personal jurisdiction prior to a ruling on its Motion to Dismiss are the same reasons applicable to PwC-UK, and its similar refusal to participate in personal jurisdictional discovery. *See* Rec. Doc. 114, and attachments and exhibits in support of same. Thus, to avoid burdening this Court with additional reading, Plaintiffs hereby expressly incorporate all arguments they have previously made in support of their Motions to Compel PwC-UK and PwC-Int'l pursuant to Federal Rule of Civil Procedure 10(c). *See* Rec. Doc. 112 and exhibits in support of same; Rec. Doc. 114 and exhibits in support of same; *esp.*, Rec. Doc. 114-1, pp. 15-20 (discussing case law in this Circuit regarding right to conduct personal jurisdictional discovery, and how Plaintiffs' allegations in this case are sufficient to warrant such discovery).

Plaintiffs' Motion to Compel (Rec. Doc. 112). For the same reasons, this Court should also order PwC-Int'l to pay Plaintiffs' attorneys' fees and costs attendant with this Motion.

Respectfully submitted,

/s/Martha Y. Curtis
JAMES M. GARNER, #19589
MARTHA Y. CURTIS, #20446, T.A.
MATTHEW C. CLARK #31102
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**ATTORNEYS FOR PLAINTIFFS
BURRUS MORTGAGE PORTOFOLIO
PARTNERSHIP III AND GEORGE J. NEWTON III**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on all counsel of record through electronic mail this 11th day of January, 2013.

/s/Martha Y. Curtis
**MARTHA Y. CURTIS**