UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III and GEORGE J. NEWTON, III<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHERN BANK LIMITED and PRICEWATERHOUSECOOPERS LLP,<br><br>Defendants. | **Civil Action No. 2:12-cv-1445**<br><br>**Judge Engelhardt**<br><br>**Magistrate Judge Chasez** |

**PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED'S
MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**

Defendant PricewaterhouseCoopers International Limited (PwCIL) respectfully submits this Memorandum in Opposition to Plaintiffs' Motion to Compel (Doc. No. 112).[1]

## INTRODUCTION

Plaintiffs move to compel PwCIL to provide wide-ranging, intrusive discovery into the organization of the PwC network of firms and the interactions—over a period of ten years—between PwCIL and member firms throughout the PwC network, including defendants PwC U.K. and PwC U.S. The requests include, for example, descriptions of "all meetings YOU [PwCIL] have held with other PWC entities over the last 10 years, including, but not limited to, PWC-USA and PWC-UK" and descriptions of "any and all services . . . YOU have shared with other PricewaterhouseCoopers ('PwC') entities over the last 10 years, including, but not limited

---

[1] As counsel for PwCIL was preparing to file this Memorandum in Response, Plaintiffs filed a Motion for Leave to File a Supplemental Memorandum in Support of their Motion to Compel. (Dkt. No. 122.) PwCIL has not yet had an opportunity to fully review that motion and its supporting papers. PwCIL intends to respond to it next week.

to, PWC-USA and PWC-UK". (Dkt. No. 112-2, at 4, 6.) Plaintiffs' requests extend to interactions between PwCIL and member firms operating in over 750 locations in 158 countries. Plaintiffs' motion should be denied.

The District Court has already held that the virtually identical discovery requests issued to PwC U.S. should be stayed until after the Court rules on plaintiffs' motion to remand this action to state court. (Dkt. No. 118.) For the same reasons, the discovery requests to PwCIL should be delayed until after threshold issues have been decided.

PwCIL has moved to dismiss on a number of grounds, including *forum non conveniens* and lack of personal jurisdiction over PwCIL. No discovery is required to address those motions, and any merits-based discovery should be stayed until after the District Court has decided those forum-related issues. Under established Fifth Circuit law, plaintiffs are not entitled to discovery on the issue of personal jurisdiction over PwCIL because they have not made sufficient factual allegations suggesting the existence of personal jurisdiction. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). Indeed, plaintiffs do not (and cannot) allege that PwCIL has any contact with Louisiana at all. Nor do plaintiffs make any factual allegations to support their "alter ego" theory and overcome the presumption that legally separate entities are independent.

PwCIL respectfully submits that it is not subject to personal jurisdiction in Louisiana, and that the balance of public and private interests overwhelmingly weighs in favor of this action as a whole proceeding in Northern Ireland, rather than here. Any discovery against PwCIL should be stayed until those threshold issues are resolved.

## BACKGROUND

### A.     Factual Background

Plaintiffs' claims arise out of an extension of credit by Northern Bank Limited ("Northern Bank") to Seatem Attraction, Tickets (UK) Limited ("Seatem"). Plaintiffs allege that they are investors in Seatem, which itself is not a party to this action. (*See* Pet. ¶ I.) They allege that Northern Bank induced plaintiff George J. Newton, III, to sign a personal guarantee for Seatem's debts, while supposedly telling Newton that Northern Bank would not seek to collect on the guarantee. (*See id.* ¶¶ 10-16.)

In October 2010, Northern Bank sought to collect on Newton's guarantee. (*See id.* ¶ 35 and Exh. A.) Newton refused to comply with those efforts and Northern Bank sued Newton for recovery in the courts of Northern Ireland, where Northern Bank and Seatem are both located and all of the conduct at issue in this case took place. That action is still proceeding in the Northern Ireland courts, and Newton is actively defending those claims.

Apparently dissatisfied with the proceedings in Northern Ireland, plaintiffs subsequently brought suit in Louisiana state court alleging, among other things, that Northern Bank fraudulently induced Newton to sign the guarantee. Plaintiffs also allege that, in November 2009, Northern Bank hired a PricewaterhouseCoopers firm to "give the Bank a report on Seatem". (Pet. ¶ 17.) The report allegedly was "flawed" and untimely, contributing to plaintiffs' losses. (*See id.* ¶¶ 19, 22.) In their state court petition, plaintiffs alleged, incorrectly, that the firm providing the report was "a limited liability partnership which, upon information and belief, has partners who are citizens of Louisiana and Florida" (*i.e.*, "PwC U.S."). (*Id.* ¶ III.) In fact, the report was prepared in Northern Ireland by PricewaterhouseCoopers LLP, "a limited liability partnership registered in England" ("PwC U.K."), which is a different firm from PwC U.S. and is licensed to provide professional services using the PwC name in the United

Kingdom, not in the United States. Plaintiffs do not allege that they had any relationship or interaction whatsoever with either PwC U.S. or PwC U.K.

      **B.**      **Procedural History**

On June 6, 2012, Northern Bank removed this action to federal court. Northern Bank pointed out that PwC U.S. "has no connection to, or involvement with, the allegations made the basis of the Petition and has been improperly joined". (Dkt. No. 1, at 3.)

Apparently conceding that fact, on July 6, 2012, plaintiffs filed an "amending petition" adding PwC U.K. as a defendant alongside PwC U.S. They also named as a defendant PricewaterhouseCoopers International Limited ("PwCIL"). PwCIL is an English private company limited by guarantee, which does not provide services to clients, but rather acts as a coordinating entity for member firms in the PwC network. The same day, plaintiffs moved to remand this action to state court. The motion to remand and the amending petition are premised on the theory that the entire PwC network—a network consisting of separately owned firms each licensed in their respective jurisdictions to use the PwC name—should be considered a single business entity.

In an effort to support that theory, on September 18, 2012, plaintiffs served broad discovery requests on PwC U.S. seeking information and documents about the PwC network and interactions between the PwC firms over a ten-year period. On November 19, 2012, plaintiffs served virtually identical discovery requests on PwC U.K. and PwCIL. Those requests are at issue on this motion to compel. (*See* Dkt. No. 112-2.)

PwCIL subsequently moved to dismiss this action on several grounds. (Dkt. No. 110.) *First*, the entire action should be dismissed on the basis of *forum non conveniens* because this foreign dispute should be heard in Northern Ireland, where an action on the same underlying facts is already underway. *Second*, plaintiffs fail to satisfy their burden of establishing personal

4

jurisdiction over PwCIL, which they do not (and cannot) allege has any contacts whatsoever with Louisiana.  *Third*, plaintiffs fail to state a claim upon which relief can be granted.

PwCIL responded to plaintiffs' discovery requests on December 19, 2012.  Because plaintiffs' claims should be dismissed on a variety of threshold grounds without the need for discovery, and because plaintiffs' requests are duplicative of the discovery sought (and obtained in part) from PwC U.S., among other reasons, PwCIL declined at this stage to provide plaintiffs with the broad discovery they requested.

On January 9, 2013, the District Court rejected plaintiffs' claim that the discovery they have requested is necessary or appropriate to support their remand motion, ruling that "the discovery sought does not pertain to any claim or legal theory asserted in the state court petition and therefore may not be considered in determining whether PwC US was properly joined". (Dkt. No. 118.)  Having failed to obtain that discovery from PwC U.S., plaintiffs continue to pursue the same discovery from PwC U.K. and PwCIL.

## ARGUMENT

### I. PLAINTIFFS' REQUEST FOR DISCOVERY SHOULD BE DENIED.

The plaintiffs are attempting to manufacture jurisdiction in Louisiana over a dispute with Northern Bank that rightly belongs in the courts of Northern Ireland, where an action on the same facts is already underway, and to defeat diversity jurisdiction for removal of this action to federal court.  The also attempt to burden PwCIL, a party which had nothing to do with the facts underlying this case and which is not subject to personal jurisdiction in this Court, with broad-ranging discovery obligations even before PwCIL's threshold objections on the grounds of *forum non conveniens* and lack of personal jurisdiction have been resolved.  Such discovery is inappropriate at this stage of the proceedings, and plaintiffs' arguments to the contrary fail as a matter of law.

5

Plaintiffs make three arguments. *First*, plaintiffs argue that the discovery is appropriate because the Federal Rules of Civil Procedure generally allow "broad and liberal discovery". *Second*, plaintiffs contend that this Court's prior discovery orders as to PwC U.S. and Northern Bank require granting the discovery they have sought from PwCIL. *Third*, plaintiffs assert that the discovery is required to respond to PwCIL's motion to dismiss for lack of personal jurisdiction. For the reasons set forth below, the Court should reject each of those arguments in turn.

### A. Plaintiffs Are Not Entitled to Merits Discovery from PwCIL Until After Threshold Jurisdictional Issues Have Been Resolved.

Plaintiffs' argument that the discovery they seek from PwCIL is relevant to the merits of their claims (Plf. Mem. at 7-9) does not support an order for discovery from PwCIL at this time. PwCIL and the other defendants in this action have raised a number of substantial jurisdictional issues, which PwCIL respectfully submits should lead to the prompt dismissal of plaintiffs' claims. Before permitting plaintiffs to take any merits discovery from PwCIL—let alone discovery as vast in scope as plaintiffs' requests here—the Court should resolve these very substantial threshold issues, including whether the action should be dismissed in its entirety on the basis of *forum non conveniens* or as against PwCIL for lack of personal jurisdiction.

PwCIL contests personal jurisdiction. It is well established that "[u]ntil the court has established personal jurisdiction, . . . any assertion of judicial power over the party violates due process". *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982). In circumstances similar to this case, the Fifth Circuit has held that district courts may—and should—delay merits-based discovery until after such threshold objections have been resolved. *See Smith v. Potter*, 400 Fed. App'x 806, 813 (5th Cir. 2010) (affirming district court order staying merits discovery pending motion to dismiss for lack of subject-matter

jurisdiction); *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (affirming district court's decision "denying merits-related discovery pending ruling on a motion for change of venue").  This is particularly true here, where PwCIL has contested the Court's exercise of personal jurisdiction over it on the ground that it does not have, and never has had, any contacts with Louisiana.  As a foreign company with no Louisiana contacts, PwCIL should not be subjected to broad merits discovery until after its jurisdictional objection has been addressed.  *See Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) ("When a defendant raises jurisdictional objections, the court may stay discovery proceedings generally and limit discovery to matters relevant to the court's jurisdiction."); 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040 (3d ed. 2009) ("a court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved").

      **B.**    **The District Court Previously Denied an Almost Identical Motion to Compel by Plaintiffs in This Action.**

Plaintiffs contend that this Court's October 31, 2012 Order (Dkt. No. 62), concerning discovery from PwC U.S., "approved the PWC-related topics of inquiry at issue in this motion".  (Plf. Mem. at 9.)  After plaintiffs filed their motion to compel against PwCIL, however, the District Court stayed that Order.  The District Court found that "the discovery sought does not pertain to any claim or legal theory asserted in the state court petition and therefore may not be considered in determining whether PwC US was properly joined.  *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999); *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)."  (Dkt. No. 118.)

The District Court's Order supports denial of plaintiffs' motion to compel against PwCIL as well.  As in the Fifth Circuit cases cited in the Order, PwCIL was not named as a

defendant in this action in the state court petition, and plaintiffs' alter ego theory is therefore irrelevant to the removal to this Court.  The discovery sought here, which plaintiffs concede is the same as the discovery from PwC U.S. that was the subject of the District Court's Order (*see* Pls.' Mem. at 9), should be stayed as well pending the resolution of threshold issues.

### C. Plaintiffs Are Not Entitled to Jurisdictional Discovery from PwCIL.

Finally, plaintiffs attempt to justify their discovery requests as related to the issue of personal jurisdiction over PwCIL.  This argument should also be rejected.  The Fifth Circuit has held that, when a party has moved to dismiss for lack of personal jurisdiction, "discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact".  *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000).  "When lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."  *Id.*  Thus, to be entitled to jurisdictional discovery, a plaintiff must present "*factual allegations* that suggest with reasonable particularity the possible existence of the requisite contacts".  *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (emphasis added).

As set forth in more detail in PwCIL's Memorandum in Support of its Motion to Dismiss (Dkt. No. 110-1, at 8-12), plaintiffs have not made any factual allegations to support the exercise of jurisdiction over PwCIL.  Plaintiffs acknowledge that PwCIL is "a United Kingdom membership-based company".  (Am. Pet. ¶ III(b).)  But Plaintiffs fail to make any factual allegations that suggest the existence of general jurisdiction over PwCIL because they do not allege that PwCIL had "continuous and systematic" contacts—or indeed any contacts—with Louisiana.  *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609-10 (5th Cir. 2008).  Nor do Plaintiffs make any factual allegations that suggest the existence of specific jurisdiction over PwCIL because they do not allege that this action "arises out of" any contacts by PwCIL—

8

or indeed that it "arises out of" any contacts by any defendant—with Louisiana.  *See Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 369 (5th Cir. 2010).  There is a glaring absence of any factual allegations to suggest the existence of jurisdiction over PwCIL—let alone allegations that do so "with reasonable particularity".

Accordingly, plaintiffs are not entitled to jurisdictional discovery.  *See Sinclair v. StudioCanal, S.A.*, 709 F. Supp. 2d 496, 509 (E.D. La. 2010); *Bonvillain v. La. Land & Exploration Co.*, 702 F. Supp. 2d 667, 686 (E.D. La. 2010).  This case is fundamentally different from the ones on which plaintiffs rely (Plf. Mem. at 10-12), in which specific facts were pleaded that justified an order of jurisdictional discovery.  Thus, in *Blessey Marine Servs., Inc. v. Jeffboat, LLC*, 2:10-cv-1863-EEF-JCW, 2011 WL 651999, at *5 (E.D. La. Feb. 10, 2011), the plaintiff alleged that the defendant's director of sales "visited Plaintiff in Louisiana twice in relation to the original contract", and "over the last 20 years, Defendant has manufactured and sold 75 barges, worth about $140 million, to Plaintiff and engaged in various activities in Louisiana meant to nurture a long-term business relationship with it, as well as other customers in the state".  Similarly, in *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 2:09-md-02047-EEF-JCW, Dkt. No. 10269, at 22-23 (E.D. La. Sept. 9, 2011), the Court found that the plaintiff had "allege[d] with 'reasonable particularity' the possible existence of facts supporting personal jurisdiction", such as that the foreign companies in that case and the entity with a presence in the U.S. had a "joint venture", and that the other entity "participated in the [foreign] entities' Chinese drywall transactions at issue in the litigation".[2]  Here, plaintiffs have no such specific factual allegations.

---

[2] Plaintiffs cite *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 2011 WL 5509221 (E.D. La. Nov. 10, 2011).  That is the denial of a Fed. R. Civ. P. 59(e) motion for

Plaintiffs cannot obtain jurisdictional discovery simply by asserting, in a wholly conclusory fashion, that PwCIL is the alter ego of a separate legal entity (here, PwC U.S.) that does business in Louisiana. The District Court has already concluded that discovery related to plaintiffs' "alter ego" theory is inappropriate at this stage. (Dkt. No. 118.) Moreover, as set forth in more detail in PwCIL's Memorandum in Support of its Motion to Dismiss, which is incorporated herein by reference, plaintiffs do not make any factual allegations to support their "alter ego" theory. (Dkt. No. 110-1, at 16-18.) Plaintiffs' conclusory assertions that the PwC network has unspecified "centralized accounting practices" and "share[d] services", and that PwC U.K. described itself on its web site as "part of a much larger family of over 161,000 people in 154 countries in firms across PwC's global network"—*i.e.*, that PwC U.K. is part of an accounting firm network, which nobody disputes—do not come close to meeting the high bar of establishing that PwC U.S., PwC U.K. and PwCIL have disregarded legal formalities and operate in substance as a single legal entity. In a similar case in this District, the court denied jurisdictional discovery and held: "To the extent that the plaintiffs seek discovery relating to an 'alter ego' argument[], the plaintiffs have failed to raise a factual issue sufficient to justify further discovery. Courts presume the independence of related companies." *Mykhaylov v. Masiac Maritime, Inc.*, 2:03-cv-02722-HGB, 2004 WL 2472480, at *4 n.4 (E.D. La. Nov. 2, 2004) (citing *Kelly*, 213 F.3d at 856-57).

PwCIL is a foreign company with no contacts in Louisiana, and plaintiffs have raised no factual issue that would justify discovery on plaintiffs' "alter ego" theory. Courts have made clear that a plaintiff may not "undertake a fishing expedition based only upon bare

---

reconsideration, and refers back to the factual allegations and legal reasoning set forth in the September 9, 2011, Order cited in the text above and available from the Court's docket.

allegations, under the guise of jurisdictional discovery". *Eurofins Pharma US Holdings v. Bioalliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010). PwCIL respectfully submits that plaintiffs' discovery requests here amount to no more than just such a fishing expedition.

## II.   CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel should be denied.

January 12, 2013

Respectfully submitted,

*/s/ Dane Ciolino*

Dane S. Ciolino, La. Bar No. 19311
DANE S. CIOLINO, LLC
18 Farnham Pl.
Metairie, LA 70005
(504) 834-8519
dane@daneciolino.com

Thomas G. Rafferty (*admitted pro hac vice*)
Antony L. Ryan  (*admitted pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019-7475
T: (212) 474-1000
F: (212) 474-3700

*Counsel for Defendant PricewaterhouseCoopers
    International Limited*

11