UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BURRUS MORTGAGE PORTFOLIO | * | CIVIL ACTION NO.  12-CV-1445 |
| PARTNERSHIP III AND | * | |
| GEORGE J. NEWTON, III | * | SECTION "N"(5) |
| | * | |
| VERSUS | * | JUDGE ENGELHARDT |
| | * | |
| NORTHERN BANK LIMITED AND | * | MAGISTRATE CHASEZ |
| PRICEWATERHOUSECOOPERS, LLP | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

### PRICEWATERHOUSECOOPER LLP'S (PwC UK)
### OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

PwC UK opposes the intrusive and burdensome discovery sought by the Plaintiffs into areas that the District Judge has now ruled are off limits.  In ruling on the motion to compel nearly identical discovery to PwC US, the District Judge ordered that the discovery is not allowed before the Court rules on the Plaintiffs' pending motion to remand.  PwC UK's motion to dismiss on personal jurisdiction involves the same legal issue before the Court on the motion to remand and, thus, PwC UK's motion to dismiss, including on the grounds of *forum non conveniens*, should be heard before any further discovery goes forward.

PwC UK is an English limited liability partnership.  Personnel in its Belfast, Northern Ireland office performed an independent business review of Seatem Attraction, Tickets (UK) Limited ("Seatem") on behalf of Northern Bank Limited ("Bank") and Seatem.  It is undisputed that PwC UK personnel performed all of the work on the engagement in Northern Ireland.  Plaintiffs do not contend that PwC UK has a continuous and systematic presence in Louisiana, or that the independent business review occurred in Louisiana.  Indeed, Plaintiffs'

sole basis for asserting that this Court has personal jurisdiction over PwC UK is that PwC UK and PwC US are a single business entity.  But the Plaintiffs have failed to plead any facts to support this theory.  Indeed, the District Judge has now ruled that discovery sought on the single business entity theory is stayed pending the ruling on the motion to remand.[1]  Consistent with the Court's ruling, no discovery directed at PwC UK should be permitted until the motion to remand and PwC UK's threshold motions – which require no discovery and involve the same issue in the motion to remand – are heard.

## BACKGROUND

Plaintiffs served jurisdictional discovery on PwC UK on November 19, 2012[2] to which PwC UK timely responded.[3]  PwC UK provided certain limited information and produced the engagement letter and its report prepared in connection with the independent business review.[4]  The discovery requests primarily relate to Plaintiffs' theory that PwC UK and PwC US form a single business entity.  That is the same theory on which the Plaintiffs have argued that PwC US is a proper party to this suit and on which they base their motion to remand to state court.

---

[1]      *See* Order, January 9, 2013, Rec. Doc. 118.

[2]      *See* Pls.' Interrog. to PwC UK and Pls.' Req. for Produc. of Doc., attached as Exh. A.

[3]      *See* PwC UK's Response to Pls.' Interrog. and PwC UK's Response to Pls.' Req. for Produc. of Doc., attached as Exh. B.

[4]      *See* PwC UK's discovery production, attached as Exh. C.

After answering and objecting to the jurisdictional discovery, PwC UK moved to dismiss the entirety of the lawsuit on three grounds.  First, Plaintiffs have failed to plead sufficient facts to show there is personal jurisdiction over PwC UK in Louisiana.  Second, this is an improper forum and the case should be dismissed on the grounds of *forum non conveniens* in favor of Northern Ireland.  Third, Plaintiffs fail to state a claim upon which relief could be granted.  PwC UK contends that the Court can and should dismiss the case on any of these grounds without permitting additional discovery.

Plaintiffs also requested depositions of the three people who submitted declarations in support of the motion to dismiss, Andrew Cope and David Clements of PwC UK, and David Scoffield, a Queen's Counsel in Northern Ireland, who submitted a declaration showing that the Northern Ireland courts provide an adequate forum to hear this case.  In addition, Plaintiffs served a broad draft 30(b)(6) notice of deposition on PwC UK.  It seeks testimony on *26* subjects and seeks information that appears to have nothing to do with jurisdiction or this case, such as PwC UK's gross and net revenues for the last 10 years. [5]  On January 7, Plaintiffs served additional written jurisdictional discovery on PwC UK which, though impermissible for the reasons discussed in this memorandum, is not due until February 6.[6]

PwC UK objected to Plaintiffs' deposition requests and the follow-up discovery issues Plaintiffs had raised on a January 2 phone call.  PwC UK explained its position – and cited

---

[5]     *See* Pls' Notice of Taking Dep. Pursuant to Fed. R. Civ. Proc. 30 (b)(6), attached as Exh. D.

[6]     *See* Pls.' Req. for Produc. of Doc. to PwC UK Regarding Personal Jurisdiction and Pls.' Interrog. to PwC UK Regarding Personal Jurisdiction, attached as Exh. E.

legal authority – that PwC UK's motion to dismiss should be heard before any further discovery goes forward.[7]   On January 9, the District Judge stayed any discovery relating to the single business entity theory, ruling that "the discovery sought does not pertain to any claim or legal theory asserted in the state court petition and therefore may not be considered in determining whether PwC US was properly joined."[8]   Despite conceding that they are seeking the same discovery to which this Court has ruled they are not entitled, the Plaintiffs have persisted in pursuing this motion.

## ARGUMENT

**I.      The District Judge's Stay Of Discovery Issued To PwC US Should Apply To The Discovery Served On PwC UK.**

On the motion to compel against PwC US, the District Judge stayed the same discovery sought from PwC UK until after it rules on the motion to remand.  As the Plaintiffs say "[i]n direct line with the need for jurisdictional discovery recognized by the Court on October 31, 2012, Plaintiffs subsequently propounded upon PwC-UK written jurisdictional discovery . . . that fall into the same topical areas approved by this Court on October 31, 2012."[9]   On January 9, however, the Court found that this discovery is impermissible, stayed the October 31 Order and, thus, stopped the same discovery that Plaintiffs are seeking from PwC UK.

---

[7]      *See* E-mail from Craig Isenberg, counsel for PwC UK, to Martha Curtis, counsel for Plaintiffs (January 8, 2013), attached as Exh. F.

[8]      *See* Order, January 9, 2013, Rec. Doc. 118.

[9]      *See* Pls. Mem. In Supp. of Mot. To Compel, Rec. Doc. 114-1, p. 5.

The same ruling should apply here.  In addition to the remand motion, PwC UK's motion to dismiss, which involves the same issue as the motion to remand, should be decided before any further discovery proceeds.

## II.   Plaintiffs' Petition Fails To Plead Any Facts In Support Of Personal Jurisdiction And, Thus, No Discovery Is Permitted.

Plaintiffs' petition fails to assert any facts that could establish general or specific jurisdiction over PwC UK.   Under Fifth Circuit jurisprudence, Plaintiffs must make a "preliminary showing of jurisdiction" for discovery to be permitted.[10]  Plaintiffs plead no facts to support and, they do not – and cannot – contend that PwC UK has a continuous and systematic presence in Louisiana sufficient to establish general jurisdiction.[11]  It is also undisputed that PwC UK had no contact with Louisiana in connection with the underlying engagement because all of the work was performed in Northern Ireland.

Moreover, as discussed above, Plaintiffs' pleadings are deficient in failing to allege facts necessary to support the single business enterprise theory – which is the only basis on which they have claimed personal jurisdiction over PwC UK.   Thus, Plaintiffs' discovery

---

[10]   *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (a plaintiff must present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts" to be entitled to jurisdictional discovery.) (citing *Toys "R" Us, Inc. v. Step Tow, SA* 318 F. 3d 446, 456 (3d Cir. 2003)). ;  *see also Ellis v. Fortune Seas, Ltd*, 175 F.R.D. 308, 312 (S.D. IN 1997) ("[w]here a plaintiff wants to subject a distant defendant to discovery in order to determine whether sufficient contacts support jurisdiction, it is reasonable for a court exercising its power under Rule 26(b)(2) to expect the plaintiff to show a colorable basis for jurisdiction before subjecting the defendant to intrusive and burdensome discovery in that distant forum."); *Poe v. Babcok Int'l, PLC*, 662 F. Supp 4, 7 (M.D. Pa. 1985) ("[p]laintiff has failed to produce any evidence that Acco is a mere 'alter ego' of the other defendants and, therefore, has not met his burden. Since plaintiff has met defendant's affidavit evidence with mere speculation, *plaintiff's request for an opportunity to conduct discovery on the matter must be denied.*") (emphasis added).

[11]   *See e.g., Johnston v. Multidata Systems Int'l Corp.*, 523 F. 3d 602, 618 (5th Cir. 2008) (defendant did not have "sufficient substantial, continuous, and systematic contacts" to justify the exertion of general jurisdiction).

5

requests and three of the four deposition requests – all of which seek information concerning

personal jurisdiction – should be barred.[12]   The fourth deposition request of David Scoffield

should also be barred for the reasons set forth in Section Three below.

### III.   The Court Should Rule On The *Forum Non Conveniens* Motion Before Allowing Any Further Discovery In The Interest Of Judicial Efficiency.

The Court has discretion to decide PwC UK's (and the other defendants') *forum*

*non conveniens* motion before it rules on the motion to remand or the other pending motions[13]

which PwC UK and PwC IL  have  both urged the Court to do in separate memoranda on the

motion to remand.   Discovery is generally not allowed on such a motion because it would

undermine the judicial efficiency reasons that favor granting such motions in cases like this

one.[14]    Plaintiffs, however, have requested to depose David Scoffield, who provided a

declaration on the sole issue of *forum non conveniens*.   As other courts have done, this Court

---

[12]   Plaintiffs' written and document discovery, its 30(b)(6) deposition request, and the request for the deposition of Andrew Cope all relate primarily to the single business entity theory.    Plaintiffs also requested the deposition of David Clements, whose declaration merely verified that all of the work on the Seatem engagement occurred in Northern Ireland by personnel in PwC UK's Belfast, Northern Ireland office.  None of those facts are in dispute or warrant discovery before the Court reaches the threshold issues of personal jurisdiction and *forum non conveniens*. Plaintiffs served additional written jurisdictional discovery on January 7. While that discovery is impermissible for the same reasons discussed in this motion, it is not due until February 6.

[13]   *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 425 (2007) (holding that "a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection."); *see also, Ibarra v. Orica United States of America Inc.,* No. 11-51094, 2011 WL 4353436 at * 2 (5th Cir. Sept., 12, 2012) ("[a]ppellants have not shown that the district court abused its discretion in considering the question of *forum non conveniens* before resolving jurisdictional questions.").

[14]   *See e.g., Piper Aircraft Co. v. Reyno,* 454 U.S. 235 (1981) (holding that requiring extensive investigation would defeat the purpose of a motion to dismiss for forum non conveniens); *see also, In re Herald, Primeo & Thema Funds Sec. Litig.*, 09 CIV. 289 RMB HBP, 2011 WL 4056819 (S.D.N.Y. Sept. 8, 2011).

should reject Plaintiffs' effort to obtain discovery on the *forum non conveniens* motion, which

this Court can readily resolve without any discovery.[15]

## CONCLUSION

For the above reasons, the Court should deny Plaintiffs' motion to compel.

Respectfully submitted,

*/s/ Steven W. Usdin*
Steven W. Usdin, TA, 12986
Craig Isenberg, 29603
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:  (504) 589-9701
susdin@barrassousdin.com
cisenberg@barrassousdin.com

*Attorneys for PricewaterhouseCoopers LLP*

---

[15] *See e.g., Transunion Corp. v. PepsiCo, Inc.,* 811 F. 2d 127, 130 (2d Cir. 1987) (affirming district court's grant of protective order "to prevent further discovery prior to its decision on the motion to dismiss. Motions to dismiss for forum non conveniens may be decided on the basis of affidavits. . . . '[r]equiring extensive investigation would defeat the purpose of [the] motion.'"); *Fitzgerald v. Texaco, Inc.,* 521 F. 2d 448, 451 n. 3 (2d Cir. 1975) ("a motion to dismiss for forum non conveniens does not call for a detailed development of the entire case . . . discovery is limited to the location of important sources of proof.").

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of January, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.

*/s/ Steven W. Usdin*

{825977_1}

8