**Trudy L. Totorico**

| | |
|---|---|
| **From:** | Craig Isenberg |
| **Sent:** | Tuesday, January 08, 2013 1:09 PM |
| **To:** | 'mlafontaine@lockelord.com'; 'DePetrillo, Michael'; 'Dane S. Ciolino'; 'Tom Rafferty'; 'Antony Ryan'; 'David Herman' |
| **Cc:** | Steven W. Usdin; Kimberly Silas |
| **Subject:** | FW: Burrus v. Northern Bank/30(b)(6) Deposition Notice |

Below is PwC UK's response to Plaintiffs' request for the 30(b)(6) deposition and depositions of the declarants.

---

**From:** Craig Isenberg
**Sent:** Tuesday, January 08, 2013 1:06 PM
**To:** 'Curtis, Martha'; Steven W. Usdin
**Cc:** Clayton, Joshua
**Subject:** RE: Burrus v. Northern Bank/30(b)(6) Deposition Notice

Martha:

This is in response to your requests for depositions and follow-up discovery from PwC UK relating to personal jurisdiction. Our position is that Plaintiffs have failed to make a *prima facie* showing sufficient to establish personal jurisdiction and, thus, no further discovery of PwC UK is warranted. *See Ellis v. Fortune Seas, Ltd*, 175 F.R.D. 308, 333 (S.D. IN 1997); *Poe v. Babcok International, PLC,* 662 F. Supp 4, 7 (M.D. Pa. 1985); *Leema Enterprises, Inc. v. Willi,* 575 F. Supp. 1533 (S.D. N.Y. 1983); *Naartex Consulting Corp. v. Watt,* 722 F. 2d 779 (D.C. Cir. 1983). In our view, the Court should hear all pending motions without any further discovery and, thus, there is no reason to change the submission date for the motions.

Depositions

In addition to our main objection above, there are additional reasons specific to the individual depositions why such requests are unjustified. First, Plaintiffs seek to depose David Clements, whose declaration confirmed that only PwC UK employees worked on the Seatem engagement and that all of the work occurred in Northern Ireland. Plaintiffs have not – and could not in good faith – allege to the contrary. Because the facts alleged in the Clements Declaration are not in dispute, there is no basis for requesting this deposition.

Second, the request for David Scoffield's deposition also is objectionable. Mr. Scoffield is a Queen's Counsel in Northern Ireland and provided a declaration showing that Northern Ireland is an adequate alternative forum for the claims at issue in this case. To this point, Plaintiffs have only sought discovery related to jurisdiction, not forum, and the Scoffield Declaration supports only the motion to dismiss on the basis of *forum non conveniens*. Discovery is not generally allowed to contest *forum non conveniens* and would defeat the judicial efficiency reasons underlying such motions. *See In re Herald, Primeo & Thema Funds Sec. Litig.*, 09 CIV. 289 RMB HBP, 2011 WL 4056819 (S.D.N.Y. Sept. 8, 2011). Moreover, we question whether Plaintiffs have any basis for challenging the statements in the Scoffield Declaration or could contend in good faith that Northern Ireland does not provide an adequate forum. Plaintiffs are not entitled to depose Mr. Scoffield.

Third, there is no basis for deposing Andrew Cope, who submitted a declaration showing that PwC UK and PwC US are separate and distinct entities, and that PwC UK has no systematic and continuous presence in Louisiana. Plaintiffs have failed to plead any facts to the contrary and could not do so in good faith. Indeed, Plainitffs' pleadings fail to set forth facts approaching the standard for establishing the single business entity theory, which is the only basis on which Plaintiffs contend there is personal jurisdiction over PwC UK in Louisiana. Moreover, many courts have addressed whether PwC member firms can be treated as a single

**EXHIBIT F**

1

business entity, and they have routinely and soundly rejected such arguments. To the extent Plaintiffs argue for a different legal conclusion – which PwC UK contends is entirely without merit – they possess the information needed to make that argument from the discovery produced to date along with publicly available information.

Finally, the draft Rule 30(b)(6) notice is overbroad, unduly burdensome and goes beyond the bounds of jurisdictional discovery. PwC UK would expend substantial resources preparing for and defending this deposition, and there is no basis for causing PwC UK to incur such expense given that Plaintiffs have failed to make a *prima facie* showing of jurisdiction.

For all of these reasons, PwC UK objects to each of the deposition requests and will not make available any witnesses for deposition without an order from the Court. We intend to request that the Court rule on the pending motions before any further discovery is permitted, which is consistent with the applicable jurisprudence and judicial efficiency.

Follow-up Discovery Issues

During our telephone conference on January 2, you asked that we provide certain additional information in response to the written discovery to PwC UK. We intend to stand on our earlier responses and objections and, as noted above, contend that Plaintiffs are not entitled to any other jurisdictional discovery. We do confirm, however, in response to Interrogatory No. 6, that Wendy McVeigh did not work on the Seatem engagement, and none of the PwC UK personnel who worked on the engagement holds any board memberships in any PwC member firm.

Craig Isenberg
Barrasso Usdin Kupperman Freeman & Sarver, L.L.C.
909 Poydras Street,  24th Floor
New Orleans, LA 70112
(504) 589-9753

---

**From:** Curtis, Martha [mailto:MCurtis@SHERGARNER.com]
**Sent:** Friday, January 04, 2013 10:22 AM
**To:** Steven W. Usdin; Craig Isenberg
**Cc:** Clayton, Joshua
**Subject:** RE: Burrus v. Northern Bank/30(b)(6) Deposition Notice

Dear Steve/Craig:

   Attached is a draft 30(b)(6) deposition ntoice for Pricewaterhouse Coopers-UK. We can take the deposition in your office or by videoconferencing or Skype. Please provide us a date for next week as our Opposition to your Motion to Dismiss is due Jan. 15, 2013.

   As previously advised, we can do the deposition after next week if the hearing date on your Motion to Dismiss is continued.

Martha Y. Curtis

2

Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, LA  70112
Direct Dial: (504) 299-2111
Direct Fax: (504) 299-2311

---

**From:** Curtis, Martha
**Sent:** Wednesday, January 02, 2013 4:54 PM
**To:** 'Steven W. Usdin'; Craig Isenberg
**Cc:** Clayton, Joshua
**Subject:** Burrus v. Northern Bank/Discovery and Depositions
**Importance:** High

Dear Steve and Craig:

In follow up to our discovery conference call, please note that Wendy McVeigh is listed as one of the people who staffed the audit at issue.  See page 69 of the Audit Report.

We also need to take the depositions of the following persons who submitted Declarations in support of PwC-UK's Motion to Dismiss:

David Clements, Andrew Cope, and David Alister Scoffield QC

We note that a Declaration was also submitted by Joe Killian.  We understand that it is the same as the one we previously deposed him about, so won't need to depose him again.  If it is different, we reserve our right to ask for his deposition as well.

We will need dates for the above individuals for sometime next week as our Opposition to your Motion to Dismiss is currently due Jan. 15.  We have videoconferencing and Skype capabilities to take these depositions.  Thanks!

Martha Y. Curtis
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, LA  70112
Direct Dial: (504) 299-2111
Direct Fax: (504) 299-2311