

# Dane S. Ciolino, LLC
### Attorney at Law

O: (504) 834-8519  
M: (504) 975-3263

dane@daneciolino.com  
18 Farnham Pl, Metairie, LA 70005

January 8, 2013

**BY EMAIL**

Martha Y. Curtis  
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.  
909 Poydras Street, 28th Floor  
New Orleans, LA 70112

Dear Martha,

      I write on behalf of PricewaterhouseCoopers International Limited ("PwCIL") in response to the draft Rule 30(b)(6) deposition notice that you sent to me on Friday, January 4, 2013. As discussed then, PwCIL believes that a deposition is inappropriate at this stage of the proceedings for the reasons generally set forth in PwCIL's responses and objections (served on December 19, 2012), and for the reasons set forth with particularity in PwCIL's first seven general objections.

      As you know, PwCIL has moved to dismiss this action on a variety of grounds, including *forum non conveniens* and the lack of personal jurisdiction. PwCIL does not believe that any discovery is necessary or appropriate until after the Court rules on those motions. As a compromise, however, PwCIL is willing to offer your clients one deposition of a PwCIL representative. This deposition would be limited to the issue of PwCIL's contacts with Louisiana over a reasonable period of time (for example, three years) prior to the filing of the amended petition. More specifically, I propose a deposition limited to the following topics in your draft deposition notice: 15, 16, 17, 21, 22, 23 (limited to Louisiana), 24, 25 and 26 (limited to Louisiana). In return, your clients would seek no further discovery from PwCIL until after the Court decides PwCIL's motion to dismiss.

      To be clear, PwCIL does not believe that the plaintiffs are entitled to any depositions or other discovery at this stage. On the contrary, it vigorously contests personal jurisdiction in the Eastern District of Louisiana, and firmly believes that your clients are not entitled to jurisdictional discovery because, among other reasons, they have not made (and cannot make) sufficient factual allegations suggesting the existence of personal jurisdiction over PwCIL. *See Sinclair v. StudioCanal, S.A.*, 709 F. Supp. 2d 496, 509 (E.D. La. 2010); *Bonvillain v. La. Land & Exploration Co.*, 702 F. Supp. 2d 667, 686 (E.D. La. 2010). Notwithstanding these significant issues, PwCIL makes this offer to avoid a lengthy discovery dispute. I hope that you and your clients will seriously consider it.

If this offer is acceptable, PwCIL will consent to a continuance of its outstanding motion to remand and its motion to dismiss for lack of personal jurisdiction so that we may schedule a deposition.[1] Please let me know whether this proposal is acceptable.

Sincerely,

Dane S. Ciolino

cc: Thomas G. Rafferty
Antony L. Ryan
David Herman

---

[1] PwCIL does not consent to a continuance of any other motions, including PwCIL's motion to dismiss on the basis of *forum non conveniens*, inconvenient venue or its motion to dismiss for failure to state a claim. No discovery is necessary or appropriate to resolve those motions–indeed, you have not sought any. They are now ripe for decision.