UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BURRUS MORTGAGE PORTFOLIO          *          CIVIL ACTION NO. 12-CV-1445
PARTNERSHIP III AND                          *
GEORGE J. NEWTON, III                        *
     Plaintiffs                         *

VERSUS                                       *          JUDGE ENGELHARDT
                                              *
NORTHERN BANK LIMITED AND                    *          MAGISTRATE CHASEZ
PRICEWATERHOUSECOOPERS, LLP                  *
     Defendants.                        *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>RULE 56(D) DECLARATION OF MARTHA Y. CURTIS IN OPPOSITION TO
MOTIONS FOR SUMMARY JUDGMENT BY PWC-USA</u>

1.    My name is Martha Y. Curtis. I am an attorney with the law firm of Sher Garner Cahill
Richter Klein & Hilbert, LLC and counsel of record for Plaintiffs, Burrus Mortgage Portfolio
Partnership III ("BMPP3") and George J. Newton, III ("Mr. Newton") (collectively,
"Plaintiffs"), in the referenced matter.

2.    I submit this Declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure
in opposition to the motion for summary judgment filed by Defendant, PricewaterhouseCoopers,
LLP ("PWC-USA").

3.    I am familiar with the record in this matter and submit this declaration based on matters
within my personal knowledge.

4.    Plaintiffs commenced this proceeding in the Louisiana state court system against
Defendants, Northern Bank Limited ("NBL") and PWC-USA. R. Doc. 1-2, at ¶ I.

5.    Defendants removed the proceeding to this federal district. R. Doc. 1.

1



6.    Defendants' removal papers represented that complete diversity amongst the parties existed because Plaintiffs improperly joined PWC-USA in their Petition and further that Plaintiffs' claims were improperly joined because they were based upon an engagement letter contract with NBL and a PricewaterhouseCoopers entity other than PWC-USA (but also named PricewaterhouseCoopers, LLP ("PWC-UK")). *Id.*

7.    Plaintiffs dispute that contention, but, in an abundance of caution, they also amended their Petition to name as co-Defendants PWC-UK and the head of the PricewaterhouseCoopers global network of member entities, PricewaterhouseCoopers International Limited ("PWC-Int'l"). R. Doc. 12.

8.    Plaintiffs Petition, as amended, alleges that PWC-USA along with PWC-UK and PWC-Int'l are solidarily liable members of the PWC global network of entities. *See* R. Doc. 12. The PWC network, and not just a single PWC member entity, is alleged liable to Plaintiffs for the deficient accountancy work upon which Plaintiffs have filed this lawsuit. *See id.*

9.    With PWC-UK and PWC-Int'l having appeared in this proceeding approximately two (2) month ago, it would be unjustly premature to grant summary dismissal of PWC-USA before all the parties have had the fair opportunity to engage in single business enterprise/alter ego-related discovery. Such discovery has not yet occurred in earnest.

10.   In the two (2) months since PWC-UK and PWC-Int'l have appeared before this Court, Plaintiffs issued notices of deposition, interrogatories and requests for production of documents on the single business enterprise/alter ego issue.

11.   Plaintiffs filed motions to compel against PWC-UK and PWC-Int'l, requesting that the Court compel those defendants to produce 30(b)(6) witnesses for deposition and to produce

2

substantive responses to Plaintiffs' correspondingly issued written discovery requests. *See* R. Docs. 112 and 114.

12.   Magistrate Judge Chasez stayed that discovery pending the Court's ruling on Plaintiffs' Motion to Remand.

13.   Plaintiffs have been able to depose only two PWC-USA employees for the limited purpose of examining them on their declarations in support of PWC-USA's dispositive motions, one of which is the Rule 56 motion for summary judgment against which this Rule 56(d) declaration applies.

14.   Magistrate Judge Chasez ordered that PWC-USA also produce a 30(b)(6) witness and respond to the accompanying written discovery issued by Plaintiffs. R. Doc. 62.

15.   On appeal of Magistrate Judge Chasez's Order, however, this Court stayed her Order pending resolution of Plaintiffs' Motion to Remand. R. Doc. 118.

16.   In order to fully defend themselves against PWC-USA's motion for summary judgment, and not just to address the remand issue, Plaintiffs must receive a fair opportunity to engage in earnest discovery on the single business enterprise theory.

17.   In order to fairly defend themselves against PWC-USA's motion for summary judgment, Plaintiffs need to take the 30(b)(6) depositions of PWC-USA, PWC-UK, and PWC-Int'l. Plaintiffs likewise need substantive responses to the written discovery Plaintiffs issued in connection with those 30(b)(6) deposition notices.

18.   The above and foregoing are true and correct, within my personal knowledge, and made subject to penalty of perjury.

///

3

New Orleans, Louisiana this 15th day of January, 2013.

_/s/Martha Y. Curtis_
MARTHA Y. CURTIS

4