

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III AND GEORGE J. NEWTON, III<br>Plaintiffs | * * * * * | CIVIL ACTION NO. 12-CV-1445 |
| VERSUS | * * | JUDGE ENGELHARDT |
| NORTHERN BANK LIMITED AND PRICEWATERHOUSECOOPERS, LLP<br>Defendants | * * * * | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## 28 U.S.C. § 1746 DECLARATION OF GEORGE J. NEWTON, III

1. My name is George J. Newton, III.

2. I am a person of full age and majority. I have personal knowledge of the facts stated herein.

3. This Declaration is being provided in opposition to the motions to dismiss and/or for summary judgment filed by various Defendants in the above-captioned matter.

4. In the only litigation in Northern Ireland to which I am a party, I have not asserted any of the claims that are the subject of the captioned matter. Moreover, none of the PricewaterhouseCoopers ("PwC") entities made defendants in the captioned matter are parties to the aforementioned Northern Ireland litigation. Further, Plaintiff, Burrus Mortgage Portfolio Partnership III ("BMPP3"), is not a party to the Northern Ireland litigation.

5. With respect to the guarantee that is a central subject of the captioned matter, I signed said guarantee in Louisiana.

6. On at least one prior occasion, Northern Bank Limited ("NBL") required Burrus Investment Group, of which I am a principal, to forego receiving any interest, dividend, or other distribution or from being repaid as long as the debt to NBL was outstanding.

7. In connection with NBL's obtaining of the guarantee from me which was in connection with NBL extending credit to Seatem, representatives of NBL communicated on numerous occasions with me in Louisiana.

8. At the time the business review engagement at issue was undertaken, the PwC entity or entities responsible for the business review of Seatem Attraction Tickets (UK) Limited and its related entities ("Seatem"), which business review is an issue in this action, were aware that the business to be produced was to be made available for use in connection with the loan made to Seatem and was critical to renewal of the loan to Seatem. The PwC entity or entities were or should have been aware of my relationship to Seatem as its principal and investor and my residency in the United States.

9. By accepting the business review engagement at issue in this litigation, the responsible PwC entity or entities knew or should have known of the urgency of completion of same.

10. Per the Engagement Contract Letter that has been cited by certain Defendants, the contractual engagement to perform the business review work was with Seatem "<u>and associated companies</u>, ('the Group')." *See* Rec. Doc. 1-6 (emphasis added). "The Group" is an undefined phrase in the Engagement Letter Contract. *See id.* The Engagement Letter Contract notes that the work to be conducted by PwC included, without limitation: "a summary of the current intercompany debtor/creditor positions and transactions that occur between Group entities." *See* Rec. Doc. 1-6. Plaintiff, BMPP3, and I are creditors of Seatem and, therefore, also creditors of the Group.

11. BMPP3 and Burrus Investment Group, of which I am a principal, are both Louisiana-based entities.

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of January, 2013.

_____
GEORGE J. NEWTON, III