UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BURRUS MORTGAGE PORTFOLIO PARTNERSHIP III, A LOUISIANA PARTNERSHIP IN COMMENDAM AND GEORGE NEWTON, III<br>　　　　Plaintiffs,<br><br>versus<br><br>NORTHERN BANK LIMITED AND PRICEWATERHOUSECOOPERS LLP<br>　　　　Defendants. | CIVIL ACTION NO. 2:12-cv-1445<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

**PRICEWATERHOUSECOOPERS LLP'S ("PWC US") MEMORANDUM IN OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant PwC US, a Delaware limited liability partnership, submits this memorandum in opposition to the *Ex Parte* Motion for Leave to File Sur-reply Memorandum (R. Doc. 156) (the "Motion for Leave") submitted on behalf of plaintiffs, George J. Newton, III and Burrus Mortgage Portfolio Partnership III (collectively, "Plaintiffs").

By this Court's Order, the submission date for PwC US's Rule 12(b)(3) Motion to Dismiss for Improper Venue (R. Doc. 17) was reset for January 23, 2013. *See* Order (R. Doc. 56). Pursuant to Local Rule 7.2, that date "is the date the motion is deemed submitted to the court for decision and *after which no further briefing will be allowed*, except with *prior* leave of court." Here, Plaintiffs filed the Motion for Leave seeking to introduce a surreply, without prior leave of court, on January 24, 2013, one day after the submission date. While Plaintiffs allege that a surreply is required to address various issues raised in PwC US's reply memorandum, the content of PwC US's reply was disclosed to Plaintiffs on January 22, 2013, meaning that Plaintiffs had an opportunity to timely request leave to file a surreply. *See* Proposed Pleading (R.

1

{N2580177.2}

Doc. 152-2). When a litigant fails to take action within a specified time, a court may only extend the time for taking such "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). This excusable-neglect standard "is strict and requires more than ignorance, carelessness, or negligence." *Traffic Scan Network, Inc. v. Winston*, No. 92-2243, 1995 WL 83932, at *1 (E.D. La. Feb. 24, 1995) (Vance, J.) (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)); *see also Jonesfilm v. Hoffman*, No. 11-1994, 2012 WL 1804681, at *1-2 (E.D. La. May 17, 2012) (citing same). Given that Plaintiffs have made no attempt to show excusable neglect, the untimely Motion for Leave should be denied.

WHEREFORE, defendant, PwC US, respectfully requests that Court deny Plaintiffs' untimely Motion for Leave seeking to file a surreply after the submission date on the Rule 12(b)(3) Motion to Dismiss for Improper Venue.

    Respectfully submitted,

    */s/ Michael B. DePetrillo*
    HARRY S. HARDIN, III (#6540) (T.A.)
    MICHAEL B. DEPETRILLO (#31130)
    Jones, Walker, Waechter, Poitevent,
     Carrère & Denègre, L. L. P.
    201 St. Charles Ave.
    New Orleans, LA 70170-5100
    Telephone: (504) 582-8216
    Facsimile: (504) 589-8216
    hhardin@joneswalker.com
    mdepetrillo@joneswalker.com

    - and -

DAVID M. FINE (Admitted *Pro Hac Vice*)
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
dfine@kslaw.com

*Attorneys for the U.S. firm PricewaterhouseCoopers LLP, a Delaware limited liability partnership*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded this day to all counsel of record, ☐ by e-mail, ☐ by facsimile, ☒ by CM/ECF, ☐ by hand, ☐ by United States mail, postage prepaid and properly addressed, this 25th day of January 2013.

*/s/ Michael B. DePetrillo*