UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BURRUS MORTGAGE PORTFOLIO | * | CIVIL ACTION NO. 12-CV-1445 |
| PARTNERSHIP III AND | * | |
| GEORGE J. NEWTON, III | * | |
|      Plaintiffs | * | |
| | * | |
| VERSUS | * | JUDGE ENGELHARDT |
| | * | |
| NORTHERN BANK LIMITED AND | * | MAGISTRATE CHASEZ |
| PRICEWATERHOUSECOOPERS, LLP | * | |
|     Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>REPLY MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION FOR LEAVE</u>

**MAY IT PLEASE THE COURT:**

      Plaintiffs, Burrus Mortgage Portfolio Partnership III ("BMPP3") and George J. Newton, III ("Mr. Newton") (collectively, "Plaintiffs"), submit this reply memorandum in support of their *Ex Parte* Motion for Leave to File Sur-Reply Memorandum (the "Motion for Leave") (Rec. Doc. 156). Defendant, PricewaterhouseCoopers, LLP ("PwC-USA"), now opposes (Rec. Doc. 157) an ***<u>ex parte</u>*** motion requesting the Court's leave to respond to a legal theory that PwC-USA raised ***<u>for the first time in its reply memorandum</u>*** in support of its Motion to Dismiss (Rec. Doc. 17). PwC-USA's opposition to the *Ex Parte* Motion for Leave is petty and groundless.

      PwC-USA incorrectly accuses Plaintiffs of non-compliance with the Local Rules of this Court. Local Rule 7.2, which PwC-USA cites, states that further briefing beyond the noticed submission date may only be allowed "with prior leave of court." LR 7.2. This Court continued the submission date on PwC-USA's Motion to Dismiss to January 23, 2013. Rec. Doc. 56. In accordance with this Court's order and Local Rule 7.2, Plaintiffs have requested leave of this Court to file the attached sur-reply. *See* Rec. Doc. 156. Additionally, because Plaintiffs are

permitted to file their Motion for Leave ***ex parte***, this Court should disregard PwC-USA's opposition to Plaintiffs' Motion for Leave.

Even if the Court were to consider PwC-USA's opposition to the Motion for Leave, PwC-USA's sole argument in opposing the Motion for Leave is based upon a problem of its own creation. As explained in Plaintiffs' Motion for Leave, PwC-USA raised an argument of "direct benefits estoppel" in support of its venue objection. PwC-USA raised that argument for the first time in its reply memorandum in support of its Motion to Dismiss on grounds of alleged improper venue. Thus, that argument cannot be considered unless Plaintiffs are given the opportunity to address the estoppel argument via their proposed sur-reply memorandum. *See Serigne v. Cox Operating, L.L.C.*, No. 06-5861, 2008 WL 4003115, at *2 (E.D. La. Aug. 26, 2008) (stating that the court could not consider arguments raised in reply memorandum for the first time because there was no opportunity for sur-reply to that reply); *Mullen v. Treasure Chest Casino, L.L.C.*, No. 96-0052, 1997 WL 539917, at *3-*4 n.4 (E.D. La. Aug. 29, 1997) ("Issues raised for the first time in a reply memorandum deprive a non-moving party of a meaningful opportunity to respond."). In this case, this Court previously has granted PwC-USA leave to file a sur-reply, to which Plaintiffs did not object. *See* Rec. Docs. 97, 100.

PwC-USA complains that the Motion for Leave was filed one day after the noticed submission date. Notably, PwC-USA requested leave to file its reply memorandum on January 22, 2013, at 2:57 P.M., one day before the noticed submission date. The Court granted such leave via its order that issued on January 23, 2013, at 12:01 P.M. After PwC-USA's reply memorandum was docketed, Plaintiffs filed their Motion for Leave on January 24, 2013 at 3:35

P.M.[1]  Thus, PwC-USA incorrectly argues that Plaintiffs have not shown excusable neglect where:

- PwC-USA raised a new legal theory in support of its venue objection ***one day before the submission date***;

- PwC-USA ***had not raised said theory prior to filing its reply memorandum***; and

- Plaintiffs worked expeditiously to address PwC-USA's newly raised argument, prepared a detailed sur-reply memorandum, and promptly filed a Motion for Leave to file same only one day after the submission date.

Under these circumstances, the timing of the filing of Plaintiffs' Motion for Leave can hardly be considered to be "neglect," as characterized by PwC-USA.  This Court should reject PwC-USA's attempt to raise an eleventh hour theory with no opportunity for Plaintiffs to respond to same. Plaintiffs' Motion for Leave (Rec. Doc. 156) should be granted.

---

[1]  Notably, counsel for PwC-USA is well aware that trial counsel for Plaintiffs was in Belfast on January 23, 2013. In fact, during the depositions in Belfast, PwC-USA's counsel participated by telephone even though the deposition notices issued by Plaintiffs specified that the depositions would take place in Belfast.  *See* Rec. Doc. 128-2.  Prior to the depositions, PwC-USA's counsel did not consult with Plaintiffs' counsel concerning any telephonic participation.  PwC-USA's counsel's appearance at the depositions by telephone was a violation of the Federal Rules, and counsel for Plaintiffs objected on the record to same.  *See* FED. R. CIV. P. 30(b)(4) (stating that a deposition may be taken by telephone if the parties so stipulate or the court orders).

Respectfully submitted,

*/s/* James M. Garner
JAMES M. GARNER, #19589
MARTHA Y. CURTIS, #20446, T.A.
MATTHEW C. CLARK #31102
**SHER GARNER CAHILL RICHTER
     KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile:  (504) 299-2300
**ATTORNEYS FOR PLAINTIFFS
BURRUS MORTGAGE PORTOFOLIO
PARTNERSHIP III AND GEORGE J. NEWTON III**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on all counsel of

record through electronic mail this 25th day of January, 2013.

*/s/* James M. Garner
**JAMES M. GARNER**